[No. 5150–1–III.   Division Three.   June 21, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN MICHAEL HALEY, *Appellant*.

*Richard L. Cease, Public Defender, Richard C. Fasy, Assistant,* and *Brian O'Brien, Legal Intern,* of *Spokane County Public Defender Association,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Sam F. Cozza, Deputy,* for respondent.

GREEN, J.—Kevin M. Haley, a juvenile, appeals his conviction for intimidation with a deadly weapon under RCW 9.41.270(1). The dispositive question is whether Kevin's display of a BB gun while standing on a deck attached to his home was "in his place of abode" and came within an exception to this statute. RCW 9.41.270(3)(a). Kevin contends the deck was a part of his abode and the charge was therefore invalid. We reverse.

On the afternoon of April 9, 1981, Kevin was target practicing with a BB gun from the deck area at the rear of his family residence. The deck, which is attached to the home, is surrounded by a railing about 3 feet high on two sides and a privacy rail approximately 11 feet high on the remaining side. There is a swimming pool in the middle of the deck. The deck is accessible from the living and dining room areas, an overhead balcony attached to the home, as well as the backyard. The deck overlooks the Spokane River. Below the deck is a steep wooded hill with a tram down to the river. While Kevin was target practicing, 12–year–old Lisa Peltier and 13–year–old Timothy Forrester were out walking with Lisa's dog. The dog had wandered off and the two climbed a steep hill to retrieve it. They were walking back down the hill when Kevin heard their voices and inquired as to who was there. They answered, "It's us [*sic*]." He then informed them they were trespassers, on private property, the tram tracks were private and

they had to get out of there. Lisa was on the tram tracks at the time. While Kevin was yelling at Lisa and Tim, he had the BB gun in his hand and was pointing it at the tram tracks. Lisa, frightened by the gun, turned and ran. She fell and severely injured her leg. Six months later Kevin was charged with *intimidation with a dangerous weapon.* On February 18, 1982, he was found guilty. He appeals.

Kevin contends the court erred in ruling the deck was not a part of the family abode and thereby excepted from application of RCW 9.41.270(1). We agree.

RCW 9.41.270 provides:

(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

. . .

(3) Subsection (1) of this section shall not apply to or affect the following:

(a) Any act committed by a person while in his place of abode or fixed place of business; . . .

The Legislature did not define the words "place of abode" used in this statute. In the absence of a statutory definition, the words used are given their ordinary and usual meaning. *State v. Forrester,* 21 Wn. App. 855, 861, 587 P.2d 179 (1978). The ordinary meaning of abode is: one's home, place of dwelling, residence, and/or domicile. Black's Law Dictionary 20 (4th rev. ed. 1968); 1 *Oxford English Dictionary* 25 (1978). From the description given of the deck and its surroundings, and in light of the rule that criminal statutes are to be construed strictly against the State and in favor of the accused, *Seattle v. Green,* 51 Wn.2d 871, 874, 322 P.2d 842 (1958), we hold the deck was an extension of the dwelling and therefore a part of the abode. Thus, the court erred in refusing to apply the exception.

Reversed.

ROE, C.J., and MUNSON, J., concur.