FILED
COURT OF APPEALS
DIVISION II

2014 APR 29  AM 8: 38

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43702-3-II |
| Appellant, | |
| v. | |
| MARK FRANCIS OWENS, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — The State appeals the superior court's reversal of Mark Owens's unlawful display of a weapon conviction. A district court jury found Owens guilty of unlawful display of a weapon. On appeal, the superior court reversed Owens's conviction, ruling that the trial court erred in refusing Owens's proposed jury instruction requiring the State to prove that he did not commit the charged crime while "in his place of abode." Because the "place of abode" exception under RCW 9.41.270(3) is inapplicable to the facts of this case, the district court did not err in declining to give Owens's proposed jury instruction. Furthermore, RCW 9.41.270 is neither unconstitutionally vague nor unconstitutional as applied to the facts of this case. Accordingly, we reverse the superior court's decision and reinstate Owens's unlawful display of a weapon conviction.

FACTS

A.  BACKGROUND

On the evening of September 3, 2011, Owens had an altercation with his 16-year-old son, CO,[1] at their home in rural Jefferson County. CO's mother, Tammy, intervened and Owens began arguing with her about interrupting him while he was disciplining their son. At that point, CO went outside and called 911.

CO told the 911 operator that Owens may have been drinking earlier in the evening and that Owens was yelling and hitting Tammy and him. CO also informed the operator that the family kept a number of rifles in the house. Owens came outside to talk with CO at some point during the 911 call, and CO put his phone in his pocket without hanging up. Owens told CO that it really hurt his feelings to have his son disrespect him in front of his wife. Owens also said, "You call the cops? Are they coming here? Well, good. I'll get the gun." Clerk's Papers (CP) at 109.

A number of Jefferson County Sheriff's deputies responded to the scene. Because a locked gate prevented vehicular access to the house, deputies had to park a quarter mile away and approach the home on foot. As the deputies "came around the back corner of the house," they saw Owens come out of the back door carrying a rifle. CP at 159. The deputies announced their presence, yelling, "Sheriff's office, drop the gun." CP at 159. Owens ignored the request and continued walking toward the detached garage, 20 to 30 feet away from the house. He then ducked down behind a car outside the garage and, after 30 seconds or so, stood up and walked towards the deputies with his hands in the air. The deputies arrested Owens.

---

[1] To provide confidentiality, we use the minor's initials in this opinion.

B.    PROCEDURE

The State charged Owens with two counts of fourth degree domestic violence assault, one count of obstructing a law enforcement officer, and one count of unlawfully displaying a firearm. RCW 9A.36.041; RCW 10.99.020(5)(d); RCW 9A.76.020; RCW 9.41.270.[2] Owens was tried by a jury in Jefferson County District Court.

Owens, CO, Tammy, and the deputies who responded to the 911 call testified consistently with the events described above. However, CO and Tammy testified that Owens did not hit them during the incident. In addition, CO, Tammy and Owens all testified that family members usually carry firearms any time they walk outside on the property because they have had problems with bears, cougars, and coyotes. Finally, Owens acknowledged that he heard the police officer's request that he drop his weapon, but he ignored the request because he contemplated "suicide by cop" before peacefully surrendering. CP at 253.

At the conclusion of testimony, the State proposed that the Washington Pattern Jury Instruction for the crime of unlawful display of a weapon be given. The proposed instruction reads:

---

[2] RCW 9.41.270 reads, in part:
    (1) It shall be unlawful for any person to carry, exhibit, display, or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.
        . . . .
    (3) Subsection (1) of this section shall not apply to or affect the following:
        (a) Any act committed by a person while in his or her place of abode or fixed place of business.

To convict the defendant of the crime of unlawfully displaying a weapon, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about (___date___), the defendant [carried][exhibited][displayed][or][drew] a [firearm]. . .

(2) That the defendant [carried] [exhibited] [displayed [or] [drew] the weapon in a manner, under circumstances, and at a time and place that [manifested an intent to intimidate another][or][warranted alarm for the safety of other persons]; and

(3) That this act occurred in the [State of Washington] [City of _____] [County of _____].

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.[3]

Based on RCW 9.41.270(3)(a), Owens argued that a fourth element should be added to the State's proposed jury instruction requiring the State to prove that "the act did not occur in the defendant's place of abode or fixed place of business." CP at 55.

The district court declined to give Owens's proposed instruction with the additional element, stating:

[T]he problem that I have is, you know, the Supreme Court hasn't— Until they make a decision on a WPIC to add something based on new case law, my general tendency is not to . . . go beyond what the Supreme Court has indicated. And since it's not an element that is in the WPIC that the State has to prove . . . I'm not going to add it in as a jury instruction. . . . [B]ecause the WPIC 133.41 says what it says, I'm going to go ahead and offer the State's [proposed instruction].

CP at 289-90.

The jury found Owens guilty of unlawful display of a weapon but acquitted him of the other charges. The district court sentenced Owens and, pursuant to RCW 9.41.098, entered an

---

[3] 11A WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 133.41, at 612 (3d ed. 2008).

order forfeiting the rifle Owens carried during the incident. The court stayed Owens's sentence pending his RALJ appeal in superior court.

Jefferson County Superior Court heard Owens's RALJ appeal. In a memorandum decision, it ruled that "if one considers the curtilage of the home as part of [Owens's] abode, the State had to prove that Mr. Owens was not in his 'place of abode' when he displayed the rifle." CP at 355. The superior court reversed Owens's conviction, ruling that the "'in his place of abode' exception to prosecution under the statute applies" and that the "District Court erred when it failed to give the instruction proposed by Mr. Owens that included the exception as set forth in RCW 9.41.270(3)(a) as an element that the State had to disprove beyond a reasonable doubt." CP at 356. The superior court also reversed and vacated the district court's forfeiture order.

The State sought discretionary review in this court, arguing that the "Superior Court's decision is in conflict with the position of the Washington Court of Appeals [Division One] that 'A backyard does not satisfy the place of abode exception under RCW 9.41.270'" in *State v. Smith*, 118 Wn. App. 480, 485, 93 P.3d 877 (2003), *review denied*, 151 Wn.2d 1014 (2004). *See* spindle (Mot. For Discretionary Review). Because "the superior court's decision to rule that an 'abode' includes a backyard directly conflicts with *Smith*'s holding," this court granted review under RAP 2.3(d)(1). Ruling Granting Review, *State v. Owens*, No. 43702-3-II (Wash. Ct. App. Oct. 22, 2012).

ANALYSIS

A.   UNLAWFUL DISPLAY OF A WEAPON

Given the facts of this case, the "place of abode" exception to unlawful display of a firearm is inapplicable. Therefore, we hold that the district court did not err in declining to give Owens's proposed instruction. Moreover, we hold that RCW 9.41.270(3) is neither unconstitutionally vague nor unconstitutional as applied to the facts of Owens's case.

1. Standard of Review

Our review is governed by the standards contained in RALJ 9.1. *State v. Ford*, 110 Wn.2d 827, 829-30, 755 P.2d 806 (1988); *State v. McLean*, 178 Wn. App. 236, 242-43, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014). Accordingly, we must determine whether the district court "has committed any errors of law." RALJ 9.1(a). We interpret statutes and alleged errors of law in jury instructions de novo. *State v. Barnes*, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005); *State v. Stratton*, 130 Wn. App. 760, 764, 124 P.3d 660 (2005). In interpreting statutory provisions, our "primary objective is to ascertain and give effect to the intent and purpose of the Legislature in creating the statute." *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

2. RCW 9.41.270.

RCW 9.41.270(3) states that unlawful display of a weapon "shall not apply to or affect the following: (a) Any act committed by a person while in his or her place of abode or fixed place of business." The statute does not define the term "abode." Therefore, "this court will give the term its plain and ordinary meaning ascertained from a standard dictionary." *Watson*, 146 Wn.2d at 954. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 4 (1969) defines

"abode" as the "place where one abides or dwells" and lists "residence" and "home" as synonyms.[4] Given this definition, we hold that, contrary to Owens's assertions, a plain meaning analysis dictates that the exception found in RCW 9.41.270(3)(a) only applies to situations where a person is in his or her home or residence.[5] Here, it is undisputed that Owens displayed the rifle outside his home.

Division Three and Division One of this court have previously addressed the scope of the exception to the unlawful display of a weapon statute at issue in this case. Owens argues that the "disparate rulings of Divisions One and Three reveal that, at minimum, there is a *factual* dispute regarding the applicability of [RCW 9.41.270(3)(a)]." Br. of Resp't at 22. Disparate holdings of divisions of this court on the interpretation of statutory language do not create factual disputes. Such disparities, if any, involve questions of legal interpretation. However, under either decision, Owens's conviction for unlawful display should be reinstated.

In *State v. Haley*, 35 Wn. App. 96, 97-98, 665 P.2d 1375 (1983), Division Three of this court addressed the situation where a juvenile defendant, who "was target practicing with a BB gun from the deck area at the rear of his family residence," scared two other children who had inadvertently wandered on to the edge of his family's property. Noting that the legislature did not define the words "place of abode" used in RCW 9.41.270(3)(a), the court applied the ordinary meaning of "abode" and determined that "[t]he ordinary meaning of abode is: one's

---

[4] *Black's* also defines "place of abode" as "[a] person's residence or domicile." BLACK'S LAW DICTIONARY 1266 (9th ed. 2009).

[5] The facts of this case do not implicate a person's right to bear arms *inside* one's home. We decide only whether the definition of "place of abode" includes Owens's yard under RCW 9.41.270.

home, place of dwelling, residence, and/or domicile." *Haley*, 35 Wn. App. at 98 (citing BLACK'S LAW DICTIONARY 20 (4th rev. ed. 1968); 1 OXFORD ENGLISH DICTIONARY 25 (1978)). It then held that "the [attached] deck was an extension of the dwelling and therefore a part of the abode." *Haley*, 35 Wn. App. at 98.

In *Smith*, the defendant threatened tow truck workers with a gun when they were attempting to tow a vehicle on adjacent property. 118 Wn. App. at 482. At the time, the defendant was "on the outskirts of his backyard where only a fence with breaks in it separated him from the tow operators." *Smith*, 118 Wn. App. at 485 n.8. After accepting the *Haley* court's definition of "abode," Division One concluded that the "word 'in' clearly implies inside [the abode], not one's backyard. If the Legislature wanted to enact a broader exception, it could have used 'at' rather than 'in.'" *Smith*, 118 Wn. App. at 484. Accordingly, Division One held that a backyard does not satisfy the place of abode exception under RCW 9.41.270. *Smith*, 118 Wn. App. at 485.

Here, it is undisputed that Owens was neither inside his residence nor on a structure attached to his residence when he unlawfully displayed his rifle to police. Accordingly, under the holding in either *Smith* or *Haley*, RCW 9.41.270(3)(a) is inapplicable to this case and the district court did not err in refusing to give Owens's proposed instruction.[6]

---

[6] Owens is correct in asserting that the district court "mistakenly characterized the WPICs as binding recitations of the Washington Supreme Court's position on the current state of Washington law." Br. of Resp't at 10. The Washington Supreme Court has rejected this view. *See, e.g., State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007) ("Just because an instruction is approved by the Washington Pattern Jury Instruction Committee does not necessarily mean that it is approved by this court."). Nevertheless, the district court did not err in refusing to give Owens's proposed instruction and the district court's characterization of the WPICs as binding law was harmless.

8

### 3. Vagueness Challenge

Owens challenges RCW 9.41.270 as unconstitutionally vague because it fails to adequately define the term "place of abode" and disparate interpretations of the term "place of abode" are possible as evidenced by the decisions in *Haley* and *Smith*. This argument is unavailing. As explained above, both the *Haley* and *Smith* courts applied dictionary definitions to interpret the term "abode" as being synonymous with "residence" or "dwelling." That the *Haley* court applied the rule of lenity to expand the definition of "place of abode" to incorporate a deck that was attached to a dwelling does not mean that the statute is unconstitutionally vague.

We presume that statutes are constitutional, and a defendant who challenges a statute as unconstitutionally vague must prove vagueness beyond a reasonable doubt. *State v. Watson*, 160 Wn.2d 1, 11, 154 P.3d 909 (2007). A statute is void for vagueness if (1) it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed or (2) it does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Watson*, 160 Wn.2d at 6 (quoting *State v. Williams*, 144 Wn.2d 197, 203, 26 P.3d 890 (2001)).

Here, Owens does not challenge the behavior generally proscribed by RCW 9.41.270—the illegality of displaying a weapon at a time and place that "manifests an intent to intimidate another or that warrants alarm for the safety of other persons."[7] Instead, he challenges only the exception to the proscribed conduct—allowing display of a weapon in one's abode. But, as discussed above, the plain meaning of this statute is clear to the average person: outside of the

---

[7] Nor would such a challenge succeed. In *State v. Maciolek*, 101 Wn.2d 259, 269, 676 P.2d 996 (1984), the Washington Supreme Court upheld this portion of the statute when faced with a vagueness challenge.

home, weapons cannot be displayed in an intimidating manner. The language of the exception is clear on its face. Owens's vagueness challenge fails.

4. Unconstitutional As-Applied Challenge

Owens argues that RCW 9.41.270 is unconstitutional as-applied to the facts of his case "because the area where he allegedly displayed his rifle is an area deserving of Fourth Amendment privacy protection" and "[t]he right to keep and bear arms is an ancient right." Br. of Resp't at 28-29. Because the facts of this case do not implicate the privacy protections of the Fourth Amendment or the right to bear arms, we disagree.

"An as-applied challenge to the constitutional validity of a statute is characterized by a party's allegation that application of the statute in the specific context of the party's actions or intended actions is unconstitutional." *City of Redmond v. Moore*, 151 Wn.2d 664, 668-69, 91 P.3d 875 (2004). "Holding a statute unconstitutional as-applied prohibits future application of the statute in a similar context, but the statute is not totally invalidated." *Moore*, 151 Wn.2d at 669.

Owens's Fourth Amendment argument is not well taken. In his brief, Owens admits that "[t]here were certainly exigent circumstances to justify the [police's] warrantless entry [on his property] due to the report of a crime at Mr. Owens'[s] home." Br. of Resp't at 19 n.4. He thereby also admits that this case does not implicate the Fourth Amendment's protections against unwarranted searches.

Moreover, nothing in the statute implicates the Second Amendment by prohibiting someone from protecting himself on his property from wild animals or intruders. RCW 9.41.270 prohibits publicly displaying dangerous weapons with the intent to intimidate or cause fear in

another person.  Here, Owens knew that his son had called the police, and when officers arrived, Owens refused to obey commands to put his weapon down.  The behavior proscribed by statute was not Owens's carrying a firearm on his property.  Rather, the proscribed conduct was Owens placing police in reasonable fear for their safety when he refused to follow their orders to put the weapon down.  The facts of this case simply do not implicate the Second Amendment.  Owens's as-applied challenge fails.

B.      WEAPON FORFEITURE

Owens argues that, independent of our decision concerning his unlawful display of a firearm conviction, we should vacate the district court's forfeiture order.  We need not address this issue.  The State did not appeal the superior court's reversal of the district court's forfeiture order. Therefore, that order remains vacated.

We reverse the superior court and reinstate Owens's unlawful display of a weapon conviction.

Lee, J.

We concur:

Worswick, C.J.

Johanson, J.