[No. 39675-1-II.   Division Two.   April 5, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. ANNA WEAVER, *Respondent*.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for petitioner.

*Allen N. Shabino* (of *Allen N. Shabino PS*), for respondent.

¶1 WORSWICK, A.C.J. — The State appeals from the Lewis County Superior Court's dismissal of Anna Weaver's traffic infraction for failing to yield to an emergency vehicle. The State argues that the superior court misinterpreted RCW 46.61.210(1) in holding that it applies only in situations when an emergency vehicle is responding to an "actual emergency" and not when a police officer is making a traffic stop. The State further argues that public policy requires us to hold that RCW 46.61.210(1) applies when a driver is being stopped for a traffic infraction. We affirm the superior court, holding that the "failure to yield" statute does not apply in situations where a police officer is in the process of stopping a motorist for a traffic infraction.

## FACTS

¶2 On February 3, 2009, Weaver was driving northbound on Interstate 5 in Lewis County. Washington State Patrol Trooper D. Pardue was stopped on the side of the freeway, watching for speeding motorists. After Trooper Pardue observed Weaver's vehicle exceeding the posted speed limit, he activated his emergency lights and siren and pulled behind her to perform a traffic stop.

¶3 Weaver slowed down, signaled to the left, and pulled to the left shoulder of the freeway. Trooper Pardue directed Weaver to move across the freeway to the right shoulder, which Weaver did. Trooper Pardue then cited

Weaver for, amongother infractions, failing to yield under RCW 46.61.210.[1]

¶4 Weaver contested the infraction and the district court found that she committed the infraction of failing to yield to an emergency vehicle. Weaver appealed to the superior court, which reversed the district court's ruling and held that the failure to yield statute applies only when the approaching emergency vehicle is responding to an "actual emergency," not when making a traffic stop. We granted the State's motion for discretionary review.

## ANALYSIS

¶5 The State contends that the superior court erred when it held that the "failure to yield to emergency vehicle" statute, RCW 46.61.210, requires that the emergency vehicle be responding to an "actual emergency" to trigger a duty to yield to the right shoulder. Br. of Appellant at 12. The State further contends that sound public policy requires us to hold that under RCW 46.61.210, drivers being stopped for a traffic infraction must pull to the right shoulder whenever they are targeted for a traffic stop. Weaver counters that the failure to yield statute is not implicated here. We agree with Weaver.

¶6 This matter turns on statutory construction. Statutory interpretation is a question of law that we review de novo. *Dot Foods, Inc. v. Dep't of Revenue*, 166 Wn.2d 912, 919, 215 P.3d 185 (2009). When construing a statute, our fundamental objective is to ascertain and carry out the legislature's intent. *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). We first look to the plain language of the statute. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). If the plain language is subject to only one interpretation, our inquiry ends. *Lake*, 169 Wn.2d at 526. And if the statute's meaning is plain on its face, we must then give

---

[1] The other infractions are not before us.

effect to the plain meaning as an expression of legislative intent. *Arborwood*, 151 Wn.2d at 367. But if the statute is subject to more than one reasonable interpretation after analyzing the plain language, it is ambiguous. *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 456, 219 P.3d 686 (2009). "A statute is ambiguous only if susceptible to two or more reasonable interpretations, but a statute is not ambiguous merely because different interpretations are conceivable." *Burton v. Lehman*, 153 Wn.2d 416, 423, 103 P.3d 1230 (2005). Only if the statute is ambiguous do we consider the legislative history and circumstances surrounding the statute's enactment to determine legislative intent. *Lake*, 169 Wn.2d at 527.

¶7 There are four statutes relevant to our analysis. The primary statute at issue, RCW 46.61.210(1), provides:

> Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals meeting the requirements of RCW 46.37.190, or of a police vehicle properly and lawfully making use of an audible signal only the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.

RCW 46.04.672 defines "vehicle . . . right-of-way" as "the right of one vehicle . . . to proceed in a lawful manner in preference to another vehicle . . . approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." The failure to abide by RCW 46.61.210(1) is a civil infraction. RCW 46.63.020.

¶8 The third statute, RCW 46.61.021(1), provides that "[a]ny person requested or signaled to stop by a law enforcement officer for a traffic infraction has a duty to stop." And finally, RCW 46.37.190 provides in pertinent part:

(1) Every authorized emergency vehicle shall, in addition to any other equipment and distinctive marking required by this chapter, be equipped with at least one lamp capable of displaying a red light visible from at least five hundred feet in normal sunlight and a siren capable of giving an audible signal.

. . . .

(5) The use of the signal equipment described in this section . . . shall impose upon drivers of other vehicles the obligation to yield right-of-way and stop as prescribed in RCW 46.61.210, 46.61.370, and 46.61.350.

¶9 The State first argues that the superior court's approach, requiring the emergency vehicle to be responding to an "actual emergency," allows motorists to decide whether they should yield to an approaching emergency vehicle based on the motorist's own determination as to whether the emergency vehicle is responding to an "actual emergency." Br. of Appellant at 18. Weaver counters that RCW 46.61.210(1), by its plain language, does not apply to traffic infraction stops.

¶10 Our analysis in this case does not depend on whether Trooper Pardue was responding to an "actual emergency" when he stopped Weaver. Because we review statutory interpretation questions de novo, we are not bound by the superior court's characterization of the issue as to whether Trooper Pardue was responding to an "actual emergency." The pertinent issue is whether someone stopped for a traffic infraction has committed the infraction of failing to yield if she does not pull over to the right shoulder as described in RCW 46.61.210(1).

¶11 The plain language of RCW 46.61.210(1) clearly requires drivers to pull to the right and yield when an emergency vehicle is operating emergency equipment and is attempting to pass. Only after the emergency vehicle has passed is it then lawful for the driver to return to the roadway. RCW 46.61.210(1). Because in this case Trooper Pardue was not attempting to travel beyond the vehicle that committed a traffic infraction, it is clear that Weaver's

conduct did not implicate the failure to yield statute under RCW 46.61.210(1) whatsoever.

¶12 Instead, RCW 46.61.021(1), which plainly and simply compels the driver to stop whenever signaled to do so by a police officer, governs.[2] RCW 46.61.021(1) is silent as to which side of the roadway a driver must pull to. Had the legislature intended for drivers to comply with RCW 46.61.210(1) when stopped by a police officer, it certainly could have done so. And no statutory language exists that links RCW 46.61.210 and RCW 46.61.021 together, despite references to other statutes in RCW 46.61.210. The relevant statutory language does not support the State's position here.

¶13 The State also made several points at oral argument to support its position that RCW 46.61.210 is implicated here. First, the State suggested that the title of RCW 46.61.210, **"Operation of vehicles on approach of emergency vehicles,"** demonstrates that the statute is implicated in any situation when an emergency vehicle is approaching. Although titles generally may be referred to as a source of legislative intent, because we hold the statutory language at issue here to be unambiguous, we need not consider it to discern legislative intent. *See Covell v. City of Seattle*, 127 Wn.2d 874, 887-88, 905 P.2d 324 (1995).

¶14 Next, we asked the State how we should interpret RCW 46.61.210(1) in a case where a driver being stopped for an infraction pulled into a parking lot or some other reasonable location. The State encouraged us to simply ignore the last part of RCW 46.61.210(1) and not consider the requirement that all drivers "immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the roadway." But in construing unambiguous statutes, we construe statutes " 'such that all of the language is given effect.' " *Lake*, 169 Wn.2d at 526 (quoting *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674,

---

[2] A driver that fails to obey a police officer is guilty of a misdemeanor under RCW 46.61.022.

682, 80 P.3d 598 (2003)). The State's suggested interpretation is contrary to this rule.

¶15 And finally, the State suggests that RCW 46.61.210 qualifies the directive under RCW 46.61.021(1) that "[a]ny person requested or signaled to stop by a law enforcement officer for a traffic infraction has a duty to stop." But the plain language of RCW 46.61.021 and RCW 46.61.210 does not support the State's contention. RCW 46.61.021 does not reference RCW 46.61.210 whatsoever. And had the legislature intended RCW 46.61.021 to qualify RCW 46.61.210 it certainly could have done so explicitly. The State essentially makes a public policy argument in this instance as well, but we do not consider such arguments when unambiguous statutes are at issue. *See DeLong v. Parmelee*, 157 Wn. App. 119, 146, 236 P.3d 936 (2010) (as long as the statutory language is unambiguous, public policy does not justify a departure from the natural meaning).

¶16 When applying our well-settled rules of statutory interpretation, the State's position presents very serious problems. If we were to adopt the State's position that the obligation to pull to the right-hand shoulder does not apply in all circumstances, then the last half of RCW 46.61.210(1), which explicitly directs drivers to "immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection" would be rendered meaningless. Additionally, the simple and clear directive that drivers have an unqualified "duty to stop" when requested or signaled to do so under RCW 46.61.021 would be eviscerated by the State's proposed interpretation of RCW 46.61.210(1). And finally, the language in RCW 46.61.210(1) that states that the driver "shall stop and remain in such position until the authorized emergency vehicle has passed" suggests that RCW 46.61-.210 applies only in situations when an emergency vehicle is in fact attempting to pass the driver.

¶17 For these reasons, we hold that the superior court correctly ruled that Weaver's conduct did not implicate

RCW 46.61.210(1). We affirm the superior court's reversal of the district court's decision.

¶18 Affirmed.

HUNT and VAN DEREN, JJ., concur.