FILED
COURT OF APPEALS
DIVISION II

2013 OCT 22 AM 8: 55

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No. 43522-5-II |
| | Appellant, | |
| v. | | |
| CHARLES WAYNE McLEAN, | | UNPUBLISHED OPINION |
| | Respondent. | |

WORSWICK, C.J. — The State appeals the superior court's order vacating Charles McLean's district court conviction for driving under the influence of alcohol. The State argues that the superior court erred by ruling that (1) the traffic stop was pretextual and therefore unconstitutional and (2) McLean received ineffective assistance of counsel because his trial counsel failed to object to improper opinion testimony. We agree with the State, reverse the superior court's vacation of McLean's conviction, and reinstate McLean's conviction.

## FACTS

Shortly after midnight on August 18, 2010, Trooper Richard Thompson of the Washington State Patrol was traveling westbound on State Route 500 in Clark County. Ahead of Trooper Thompson was a car driven by Charles McLean; no other vehicles were present.

Trooper Thompson had training and experience in identifying impaired drivers. Through this training and experience, he knew that (1) alcohol causes delayed reactions that can result in a driver's drifting through the lane of travel and (2) alcohol impairs a person's ability to simultaneously perform multiple tasks such as maintaining the speed limit, staying within a lane, and using turn signals. Trooper Thompson estimated that in 2010 he stopped about 400 drivers for lane travel violations and he made over 200 arrests for driving under the influence.

McLean's car caught Trooper Thompson's attention because it was weaving from side to side within the left lane. Even though McLean was driving the speed limit, McLean's weaving made Trooper Thompson suspect that McLean might have been impaired. Trooper Thompson followed McLean's car and saw it cross the fog line[1] three times. Trooper Thompson then activated his lights and initiated a traffic stop.

Once McLean pulled over, Trooper Thompson approached and advised that he stopped McLean for driving in the left lane without passing, weaving through the lane, and discarding a lit cigarette after Trooper Thompson activated his emergency lights. Trooper Thompson "immediately smelled an odor of intoxicants coming from the vehicle." Clerk's Papers (CP) at 116.

After administering field sobriety tests, Trooper Thompson arrested McLean for driving under the influence of alcohol. McLean refused to provide a breath sample to measure his blood alcohol content. The State charged McLean with three counts: violating ignition interlock

---

[1] The fog line separates the left lane from the shoulder and a concrete barrier.

requirements, third degree driving while his license was suspended, and driving under the influence of intoxicants.

McLean filed a motion to suppress evidence obtained from the traffic stop, arguing that Trooper Thompson did not have a reasonable suspicion that McLean was driving under the influence. The district court held a hearing and denied McLean's motion in an oral ruling. McLean then pleaded guilty to violating ignition interlock requirements and driving while his license was suspended, but he proceeded to trial on the driving under the influence charge.

During a jury trial, the State elicited testimony about Trooper Thompson's training and experience in identifying impaired drivers. The State asked Trooper Thompson why he stops some drivers on suspicion of driving under the influence without ultimately arresting them. Trooper Thompson replied that he arrests drivers for driving under the influence only if he believes they are impaired by alcohol or drugs. McLean's counsel did not object to this testimony.

Later, while testifying about the incident involving McLean, Trooper Thompson stated that he arrested McLean for driving under the influence. Again, McLean's counsel did not object. The jury found McLean guilty of driving under the influence and, in a special verdict, found that he refused a lawful request to test his blood or breath.

McLean appealed to the superior court, arguing that (1) the district court erred by denying his motion to suppress because the traffic stop was pretextual and (2) he received ineffective assistance of counsel when his attorney failed to object to Trooper Thompson's testimony. The superior court agreed and remanded for dismissal with prejudice. The State then

No. 43522-5-II

sought discretionary review in this court, which our commissioner granted. Ruling Granting

Review, *State v. McLean*, No. 43522-5-II (Wash. Ct. App. July 30, 2012).

DISCUSSION

I. DENIAL OF MCLEAN'S MOTION TO SUPPRESS

The State first argues that the superior court erred because the district court correctly

denied McLean's motion to suppress evidence from the traffic stop. McLean argues (1) that, as a

threshold matter, we cannot effectively review the superior court's reversal because the district

court failed to enter written findings and conclusions on the motion to suppress and (2) that the

traffic stop was pretextual and therefore unconstitutional. We agree with the State.

RALJ 9.1 governs review of the district court's decision, whether by us or by the superior

court. *State v. Ford*, 110 Wn.2d 827, 829-30, 755 P.2d 806 (1988). In reviewing the district

court's decision on a motion to suppress, we review factual determinations for substantial

evidence and conclusions of law de novo. RALJ 9.1(a), (b); *State v. Garvin*, 166 Wn.2d 242,

249, 207 P.3d 1266 (2009). Because neither party has challenged the district court's factual

determinations, they are verities on appeal. *City of Seattle v. May*, 151 Wn. App. 694, 697, 213

P.3d 945 (2009), *aff'd*, 171 Wn.2d 847 (2011). Accordingly, our review is limited to a de novo

determination of whether the district court properly derived conclusions of law from its factual

findings. *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997).

A. *This Case Is Reviewable*

As a threshold matter, McLean argues that we cannot effectively review the district

court's decision because it failed to enter written findings of fact and conclusions of law

following the hearing on McLean's CrRLJ 3.6 motion to suppress. This argument lacks merit.

4

CrRLJ 3.6(b) requires the district court to "*state* findings of fact and conclusions of law" supporting its ruling on a motion to suppress evidence. (Emphasis added.) But CrRLJ 3.6 does not require the district court's findings and conclusions to be in writing. *State v. Osman*, 147 Wn. App. 867, 881 n.8, 197 P.3d 1198 (2008), *rev'd on other grounds*, 168 Wn.2d 632 (2010); *State v. Anderson*, 51 Wn. App. 775, 778 n.1, 755 P.2d 191 (1988).[2] Accordingly, the absence of written findings and conclusions does not preclude our review of the district court's denial of a motion to suppress. *Anderson*, 51 Wn. App. at 778 n.1.

McLean further claims that the district court's oral decision failed to address his argument that the traffic stop was pretextual. We disagree because the district court properly declined to reach the issue of pretext. The district court concluded that Trooper Thompson stopped McLean on the basis of a reasonable suspicion that McLean was driving under the influence of alcohol. Thus, for Trooper Thompson to conduct a traffic stop to investigate McLean for driving under the influence, "the use of pretext would be unnecessary." *State v. Ladson*, 138 Wn.2d 343, 353, 979 P.2d 833 (1999). McLean's threshold arguments fail.

B.   *The Traffic Stop Was Lawful*

The State argues that Trooper Thompson conducted a lawful traffic stop based on a reasonable suspicion that McLean was driving under the influence. McLean argues that the traffic stop was unconstitutional because it was pretextual. We agree with the State.

---

[2] CrRLJ 3.6 is unlike CrR 3.6, which requires the superior court to enter *written* findings and conclusions on a motion to suppress. *Anderson*, 51 Wn. App. at 778 n.1.

Both the Fourth Amendment and article I, section 7 of the Washington Constitution prohibit unreasonable seizures. *State v. Kennedy*, 107 Wn.2d 1, 4, 726 P.2d 445 (1986). A traffic stop is a seizure. *Kennedy*, 107 Wn.2d at 4. Warrantless seizures are per se unreasonable, unless an exception to the warrant requirement applies. *Ladson*, 138 Wn.2d at 349. The State bears the burden of establishing an exception to the warrant requirement. *Ladson*, 138 Wn.2d at 350.

One exception is an investigative stop, including a traffic stop, that is based on a police officer's reasonable suspicion of either criminal activity or a traffic infraction. *State v. Arreola*, 176 Wn.2d 284, 292-93, 290 P.3d 983 (2012); *see Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). A reasonable suspicion exists when specific, articulable facts and rational inferences from those facts establish a substantial possibility that criminal activity or a traffic infraction has occurred or is about to occur. *State v. Snapp*, 174 Wn.2d 177, 197-98, 275 P.3d 289 (2012).

When reviewing the lawfulness of an investigative stop, we evaluate the totality of the circumstances presented to the police officer. *State v. Doughty*, 170 Wn.2d 57, 62, 239 P.3d 573 (2010). Those circumstances may include the police officer's training and experience. *State v. Glover*, 116 Wn.2d 509, 514, 806 P.2d 760 (1991).

Here, the traffic stop was lawful because Trooper Thompson had a reasonable suspicion that McLean was driving under the influence. Trooper Thompson observed McLean's vehicle weave within its lane and cross onto the fog line three times. From the articulable fact of this observation, and from his training and experience identifying driving under the influence, it was rational for Trooper Thompson to infer that there was a substantial possibility that McLean was

driving under the influence. That substantial possibility establishes a reasonable suspicion permitting Trooper Thompson to make a warrantless traffic stop. *See Arreola*, 176 Wn.2d at 292-93; *Snapp*, 174 Wn.2d at 197-98.[3]

Nonetheless, McLean claims that the traffic stop was pretext to investigate him for driving under the influence.[4] We disagree.

A traffic stop is pretextual if it is conducted not to enforce a violation of the traffic code but to investigate some other crime, unrelated to driving, for which reasonable suspicion and a warrant are lacking. *Ladson*, 138 Wn.2d at 349.[5] McLean claims (1) Trooper Thompson had a reasonable suspicion *only* of McLean's driving in the left lane without passing, and (2) Trooper Thompson lacked a reasonable suspicion of driving under the influence. But as we have explained above, Trooper Thompson had a reasonable suspicion that McLean was driving under the influence, and he conducted this traffic stop to investigate that crime. Therefore this traffic stop was not pretextual. McLean's argument fails.

---

[3] The State further argues that the superior court misplaced its reliance on *State v. Prado*, 145 Wn. App. 646, 186 P.3d 1186 (2008) (holding that a one-second incursion over the shoulder line did not establish a reasonable suspicion of a failure to remain "as nearly as practicable" within a single lane of travel). Because we review the district court's decision de novo, we do not address the superior court's reasoning. *State v. Weaver*, 161 Wn. App. 58, 63, 248 P.3d 1116 (2011).

[4] The State asserts that McLean failed to preserve his claim of pretext because he raised it for the first time on appeal in the superior court. But the State is incorrect. In his memorandum supporting his motion to suppress, McLean argued to the district court that the traffic stop was pretextual.

[5] A pretextual traffic stop violates article I, section 7 of the Washington Constitution. *Ladson*, 138 Wn.2d at 353; *see also Arreola*, 176 Wn.2d at 294. But a pretextual traffic stop does not violate the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The State further argues that McLean did not receive ineffective assistance of counsel. McLean claims he received ineffective assistance of counsel when his attorney did not object to Trooper Thompson's allegedly improper opinion testimony. We agree with the State.

Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact, which we review de novo. *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). When claiming ineffective assistance of counsel, a defendant bears the burden of satisfying the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). First, the defendant must show that counsel's performance was deficient. *Fleming*, 142 Wn.2d at 865. Second, the defendant must show that the deficient performance prejudiced the defendant's case. *Fleming*, 142 Wn.2d at 865. A failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687.

McLean's counsel did not object to Trooper Thompson's testimony that (1) he arrests drivers for driving under the influence only if he believes they are impaired by alcohol or drugs and (2) he arrested McLean. McLean now contends that his counsel was ineffective for failing to object because Trooper Thompson's testimony conveyed an improper opinion that McLean was guilty.[6] We disagree.

---

[6] McLean concedes that Trooper Thompson properly opined that McLean was intoxicated. *See City of Seattle v. Heatley*, 70 Wn. App. 573, 576, 578-79, 854 P.2d 658 (1993). But McLean argues that Trooper Thompson's testimony "went well beyond proper opinion" because he also stated that he arrested McLean. Br. of Resp't at 26.

McLean fails to carry his burden to show that his attorney's performance was deficient. *See Hendrickson*, 129 Wn.2d at 77-78. When determining whether counsel's performance was deficient, we begin with a strong presumption of counsel's effectiveness. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Counsel's performance is deficient if it falls below an objective standard of reasonableness under all the circumstances. *Fleming*, 142 Wn.2d at 865-66. But counsel's performance is not deficient if it can be characterized as a legitimate trial tactic. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).

McLean claims that "there was no possible tactical reason for trial counsel to refrain from objecting" to Trooper Thompson's testimony.[7] Br. of Resp't at 27. But it can be a legitimate trial tactic to withhold an objection to avoid emphasizing inadmissible evidence. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 714, 101 P.3d 1 (2004).

While laying foundation for testimony based on Trooper Thompson's experience in investigating driving under the influence of alcohol or drugs, the State asked why some of his investigations do not lead to arrests. Trooper Thompson explained that "if you're not impaired, you're not going to get arrested for DUI. So if I do the standardized field sobriety tests . . . [a]nd determine that they're not impaired, they do not get arrested." CP at 106-07. Later, after describing his investigation of McLean and administration of field sobriety tests, Trooper Thompson stated, "I arrested [McLean] for DUI." CP at 131. McLean's attorney did not object to these statements.

---

[7] McLean asserts that the superior court implicitly determined that counsel's failure to object was not a legitimate trial tactic. But because we review the district court's decision de novo, the superior court's determinations are not binding on us. *Weaver*, 161 Wn. App. at 63.

9

Under the circumstances here, withholding an objection can be characterized as a legitimate trial tactic seeking to avoid emphasizing Trooper Thompson's testimony about McLean's intoxication and arrest. *See Davis*, 152 Wn.2d at 714. Because McLean's counsel's performance did not fall below an objective standard of reasonableness, it was not deficient. *Fleming*, 142 Wn.2d at 865-66. Therefore McLean's ineffective assistance claim fails.

McLean also fails to demonstrate prejudice. A deficient performance prejudices the defendant's case when, within reasonable probabilities, the trial's result would have been different had the deficient performance not occurred. *Hendrickson*, 129 Wn.2d at 78. Counsel's failure to object to evidence cannot prejudice the defendant unless the trial court would have ruled the evidence inadmissible. *Hendrickson*, 129 Wn.2d at 79-80; *McFarland*, 127 Wn.2d at 337 n.4. Here, McLean fails to show that Trooper Thompson's testimony was inadmissible.

It is generally improper for a witness to opine that the defendant is guilty; to do so is to invade the jury's exclusive province. *State v. Demery*, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001). To determine whether a witness's statement is improper opinion testimony on the defendant's guilt, we consider the circumstances of the case, including the type of witness involved, the nature of the testimony, the nature of the charges, the type of defense, and other evidence before the trier of fact. *Demery*, 144 Wn.2d at 759; *City of Seattle v. Heatley*, 70 Wn. App. 573, 579, 854 P.2d 658 (1993).

However, a police officer may opine that, based on his experience and observations, the defendant was intoxicated and impaired. *Heatley*, 70 Wn. App. at 579-80. Under the circumstances of this case, Trooper Thompson's testimony did no more than convey his opinion that McLean was intoxicated.

Arguing to the contrary, McLean claims that "the fact of an arrest is not [admissible as] evidence because it constitutes the arresting officer's opinion that the defendant is guilty." Br. of Resp't at 25. But McLean cites no authority stating that the fact of an arrest is categorically inadmissible. And the two cases McLean cites are distinguishable.

McLean first cites *State v. Carlin*, 40 Wn. App. 698, 700 P.2d 323 (1985). In *Carlin*, a police officer testified that a police dog followed a "fresh guilt scent" from the scene of a burglary to the location where one defendant was found. 40 Wn. App. at 703; *see id.* at 700. But the *Carlin* court stated that this testimony "arguably was an improper opinion" before deciding that any error was harmless. 40 Wn. App. at 703. Moreover, stating that a defendant emitted an objectively ascertainable "guilt scent" is not comparable to stating the fact of an arrest.

McLean next cites *Warren v. Hart*, 71 Wn.2d 512, 429 P.2d 873 (1967), another case that fails to support his argument. *Warren* is a civil case in which defense counsel argued that the jury should find that a driver was not negligent because police officers decided not to issue a traffic citation at the scene of a car accident. 71 Wn.2d at 517. *Warren* says nothing about admitting evidence showing the fact of a criminal defendant's arrest.

Because McLean fails to show that evidence of his arrest was inadmissible, his attorney's failure to object to this evidence did not prejudice his case. McLean's ineffective assistance of counsel claim fails.

No. 43522-5-II

The district court properly denied McLean's motion to suppress, and McLean received the effective assistance of counsel. Therefore, we reverse the superior court's vacation of McLean's conviction, and we reinstate McLean's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Hunt, J.

Johanson, J.