FILED
COURT OF APPEALS
DIVISION II

2014 NOV 13 AM 8: 58

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44724-0-II |
| Respondent, | |
| v. | |
| TERESA TEA MOODY, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Teresa Tea Moody appeals her conviction of second degree assault, arguing that the jury instruction defining "reckless" relieved the State of its burden to prove an essential element of the offense. She also argues that defense counsel provided ineffective assistance by failing to object to the recklessness instruction. In a pro se statement of additional grounds (SAG), Moody raises additional allegations of ineffective assistance of counsel, including claims that defense counsel was unqualified and that he withheld evidence, improperly advised her not to testify, did not consult with her adequately, and told her that third degree assault was a strike offense.

Based on the Supreme Court's recent decision in *State v. Johnson*, 180 Wn.2d 295, 325 P.3d 135 (2014), we hold that the recklessness instruction was not erroneous and that defense counsel's failure to object to it was not deficient. The record does not support Moody's additional claims of ineffective assistance of counsel. We affirm her conviction.

FACTS

Moody was driving with her friend, Juanqita Knox, when Moody rear-ended another car. Moody and Knox had been arguing, and they continued to argue as Moody pulled into a nearby parking lot. When the two women got out of the car, their argument escalated. Two witnesses attempted unsuccessfully to diffuse the situation. One of them saw Moody make a "tomahawk motion" against Knox with a screwdriver, and both witnesses saw blood coming from Knox's ear and neck. 1 Report of Proceedings at 87.

Knox told a responding officer that Moody had stabbed her with a screwdriver. Moody told another officer that Knox had attempted to bait her into fighting, but Moody did not remember stabbing Knox with the screwdriver. Knox received stitches for the cut on her ear.

The State charged Moody by amended information with second degree assault based on assault with a deadly weapon or the reckless infliction of substantial bodily harm. At trial, several witnesses testified about the fight and Knox's injuries. Knox testified that she could not remember talking to the police after the incident and that her injuries occurred when she struck herself in the head with her keys.

The trial court instructed the jury that to convict Moody of second degree assault, it had to find that she recklessly inflicted substantial bodily harm on Knox or that she assaulted Knox with a deadly weapon. The court defined "reckless" for the jury as follows:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.

Clerk's Papers (CP) at 86 (Instruction 9). Moody did not object to this instruction.

After the jury found Moody guilty as charged, the trial court imposed a standard range sentence of 16 months, plus 12 months for the deadly weapon enhancement.

Moody appeals her conviction.

ANALYSIS

A. INSTRUCTIONAL ERROR

Moody contends that the trial court's instruction defining "reckless" relieved the State of its burden to prove an essential element of the charged crime by stating that "[a] person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that *a wrongful act* may occur." CP at 86 (emphasis added). Moody argues that the highlighted language was flawed because it required only a risk of an undefined wrongful act rather than the risk of substantial bodily harm identified in the charging document and the "to convict" instruction.

In *Johnson*, the Supreme Court addressed and rejected an identical challenge to the same instruction, which is based on the pattern jury instruction that generally defines "reckless." 180 Wn.2d at 305. After observing that challenges to jury instructions are reviewed in the context of the jury instructions as a whole, the court held that the reference to "a wrongful act" in the definitional instruction was sufficient because the "to convict" instruction included the charge-specific "substantial bodily harm" language. *Johnson*, 180 Wn.2d at 305-07.

Here, as in *Johnson*, the "to convict" instruction included the charge-specific language by informing the jury that it had to find that Moody "recklessly inflicted substantial bodily harm" on Knox.[1] CP at 91; *Johnson*, 180 Wn.2d at 304-05. The instruction that separately provided a

---

[1] The alternative means of assault with a deadly weapon is not at issue.

generic definition of "reckless" did not relieve the State of its burden of proof. *See Johnson*, 180 Wn.2d at 306. Consequently, we reject Moody's challenge to the definitional instruction as well as the State's harmless error analysis.[2] Having rejected this claim of error, we also reject Moody's alternative claim of ineffective assistance of counsel based on defense counsel's failure to object to the definitional instruction. We turn to the remaining claims of ineffective assistance of counsel that Moody raises in her SAG.

B. SAG

Moody asserts in her SAG that she received ineffective assistance of counsel because her attorney was unqualified, withheld evidence, improperly advised her not to testify, did not consult with her adequately, and told her that third degree assault is a strike offense.

Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. McLean*, 178 Wn. App. 236, 246, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014). To prove ineffective assistance, a defendant must show that her counsel's performance was deficient and that the deficiency was prejudicial. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

Counsel's performance is deficient if it falls below an objective standard of reasonableness and cannot be characterized as legitimate trial strategy or tactics. *State v. Kyllo*, 166 Wn.2d 856, 862-63, 215 P.3d 177 (2009). Prejudice occurs when there is a reasonable probability that the trial's result would have differed had the deficient performance not occurred. *Hendrickson*, 129 Wn.2d at 78. A failure to satisfy either prong is fatal to a claim of ineffective assistance of counsel. *McLean*, 178 Wn. App. at 246.

---

[2] The parties submitted their briefing before the Supreme Court decided *Johnson*.

The record shows that Moody's trial attorney made appropriate evidentiary objections, objected to the amended information, moved to exclude Knox's incriminating statements to the arresting officers, and moved to dismiss the case for insufficient evidence. Defense counsel also conducted recross and redirect examinations of several witnesses. The record does not support Moody's claim that her attorney was unqualified. Nor does it show that counsel withheld evidence, including a possible video of the altercation. If Moody has support for this claim, she must submit it with a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 338 n.5, 899 P.2d 1251 (1995) (matters outside record must be raised in personal restraint petition).

Moody also complains that her attorney advised her not to testify "because I was pretty." SAG at 1. An attorney's recommendation that a defendant not testify is a matter of trial strategy that does not support a claim of deficient performance. *State v. King*, 24 Wn. App. 495, 499, 601 P.2d 982 (1979). Moody does not explain what she would have testified to had she been called as a witness, and in the absence of a showing that her testimony would have furthered her defense, we presume that counsel's decision to recommend that she not testify was tactical. Moody claims further that her attorney ignored her advice and did not consult with her adequately, but her failure to explain the advice or additional information she might have provided undermines any claim of prejudice. Finally, Moody does not explain the context in which her attorney told her that third degree assault is a strike offense, and she again does not show prejudice resulting from this misinformation. RCW 9.94A.030(32), (37). Consequently, we reject her claim of ineffective assistance of counsel.

No. 44724-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.