# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47249-0-II |
| Respondent, | |
| v. | |
| PATRICK WADE NEWMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Patrick Wade Newman appeals his sentence, arguing that the trial court erred by imposing $1,325 in discretionary legal financial obligations (LFOs) without making an individualized inquiry into his present and future ability to pay the discretionary LFOs and that he received ineffective assistance of counsel when counsel failed to object to the imposition of discretionary LFOs. We hold that Newman received ineffective assistance of counsel when counsel failed to object to the imposition of discretionary LFOs, and we remand for the trial court to make an individualized inquiry into Newman's ability to pay discretionary LFOs.

FACTS

The underlying facts are not at issue. A jury found Newman guilty of possession of a controlled substance. The trial court sentenced him to 10 days in confinement with 12 months in community custody. The State prepared a judgment and sentence, which included a $1,000 "drug

fine" and other discretionary LFOs. Clerk's Papers at 47. At sentencing, Newman asked the trial court to strike "the thousand-dollar drug fee" because Newman "might not be working a whole bunch soon." Verbatim Report of Proceedings (VRP) (Feb. 9, 2016) at 136. The trial court asked Newman whether he was working; Newman responded that he was currently working.

The trial court did not impose the drug fee, but did impose the following LFOs: $500 victim assessment, $200 criminal filing fee, $100 DNA collection fee, and $100 crime lab fee; and $150 incarceration fee, $825 court appointed attorney fee, and $250 drug enforcement fund of Cowlitz County Prosecutor.[1] Newman appeals.

ANALYSIS

Newman argues that he received ineffective assistance of counsel when defense counsel failed to object to "all discretionary legal financial obligations." Br. of Appellant at 6. We agree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant's case. *Id.* Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *State v. McLean*, 178 Wn. App. 236, 246, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014).

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied,* 523 U.S. 1008 (1998).

---

[1] Of the LFOs imposed, the victim assessment, criminal filing fee and DNA collection fee are mandatory and not challenged on appeal. RCW 7.68.035; RCW 36.18.020(2)(a) and (h); RCW 43.43.7541; *see State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

Our scrutiny of counsel's performance is highly deferential; we strongly presume reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To rebut this presumption, a defendant bears the burden of establishing the absence of any legitimate trial tactic explaining counsel's performance. *Id.* "But counsel's performance is not deficient if it can be characterized as a legitimate trial tactic." *McLean*, 178 Wn. App. at 247.

Defense counsel did not object to the trial court's imposition of $1,325 in discretionary LFOs. Our decision in *State v. Blazina* held that a defendant waives any challenge to discretionary LFOs on appeal by failing to object to the imposition of discretionary LFOs during sentencing.[2] 174 Wn. App. 906, 911, 301 P.3d 492 (2013), *remanded*, 182 Wn.2d 827, 344 P.3d 680 (2015). Newman was sentenced on February 9, 2015—approximately 21 months after this court's *Blazina* opinion was published. Accordingly, defense counsel was on notice that the trial court was required to consider the defendant's ability to pay discretionary LFOs and that failing to object to discretionary LFOs waived the defendant's challenge. There is no evident legitimate strategic or tactical reason for defense counsel to not object, especially since defense counsel had informed the trial court that Newman "might not be working a whole bunch soon." VRP (Feb. 9, 2016) at 136. Thus, defense counsel's performance was deficient by failing to object to the discretionary LFOs.

Next, we must determine whether Newman has established prejudice. To establish prejudice, Newman must show that there is a reasonable probability that the result would have been different had the deficient performance not occurred. *Grier*, 171 Wn.2d at 34. The record

---

[2] The Supreme Court, although ultimately reversing in *Blazina*, held that we properly exercised our discretion in declining to review the challenge to discretionary LFO raised for the first time on appeal. *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

demonstrates a reasonable probability that the result would have been different. Defense counsel requested that the trial court strike the proposed $1,000 drug fee based on Newman's future inability to pay, which would have been an appropriate basis to object to the other discretionary LFOs. The trial court's decision to strike the drug fee at defense counsel's request demonstrates the trial court's willingness to exercise its discretion to not impose fees that the defendant would likely not be able to pay. Thus, based on the trial court's exercise of discretion in not imposing the drug fee, there is a reasonable probability that the trial court would have also not imposed the other discretionary LFOs if defense counsel had objected.

Newman also argues that counsel's failure to object to discretionary LFOs was prejudicial because of the various hardships that result from criminal convictions and LFOs. Newman's concerns regarding the criminal justice system involve a policy issue, not a legal issue, and this court defers to the legislature to resolve such issues. *See State v. Gentry*, 125 Wn.2d 570, 629, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995); *Eggert v. Ford*, 21 Wn.2d 152, 160-61, 150 P.2d 719 (1944) (holding there "may be a better policy than that which the legislature has seen fit to adopt; but a discussion of that matter has no place here, since the court has no legislative power, but is strictly limited to enforcing the law as it finds it").

No. 47249-0-II

We remand for the trial court to consider Newman's current and future ability to pay discretionary LFOs.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, J.

_____
Bjorgen, C.J.

---

[3] Newman also argues that the trial court erred by imposing discretionary LFOs without making an individualized inquiry into his present and future ability to pay. Because we remand on other grounds, we do not address this challenge.