# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53026-1-II |
| Respondent, | |
| v. | |
| TESSITA WOODARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Tessita Woodard appeals her conviction for knowing possession of a controlled substance, oxycodone, while confined in a county correctional institution. Woodard argues that the trial court erred in providing a jury instruction defining "knowledge," she received ineffective assistance of counsel, and cumulative error requires reversal. We hold that Woodard's challenge to the jury instruction and her ineffective assistance of counsel claims do not merit reversal, and there is no cumulative error. Therefore, we affirm Woodard's conviction.

## FACTS

### A.     BACKGROUND & CHARGING INFORMATION

Woodard suffers from a variety of ailments including lupus and other chronic conditions. As a result of her conditions, Woodard takes a variety of medications on a regular basis, including oxycodone, which are prescribed to her. Woodard tapes a stash of pills to her breasts every morning in the event of an emergency.

On the day of the incident leading to her charge, per her normal routine, Woodard taped the oxycodone pills to herself in the morning. Later that day, a court ordered Woodard to report for voluntary commitment at the Cowlitz County Jail.

During a mandatory strip search at the jail, correctional officers found 9-10 pills taped to Woodard's chest. The pills were identified as hydrocodone and oxycodone. Woodard alleged that she forgot about the pills until the moment she removed her bra during the strip search.

The State charged Woodard with knowing possession of a controlled substance, oxycodone, while confined in a Cowlitz County correctional institution. RCW 9.94.041(2). Woodard pleaded not guilty, and the case proceeded to trial.

B.    FIRST TRIAL TESTIMONY

During the first trial, Corrections Officer Molly VanCuren-Dolan testified that she discovered pills taped to Woodard's chest during Woodard's strip search. After seeing the pills, Officer Dolan

> asked [Woodard] to remove [the pills] and hand them over, which from my recollection of things she did without any sort of fight or anything. We've had people in strip searches get what we call squirrely and try to consume whatever it is that has been brought in, but I don't recall that being the case in this instance.

1 Verbatim Report of Proceedings (VRP) (Dec. 4, 2018) at 163. Officer Dolan also testified that Woodard complied in handing the pills over when prompted to do so.

The jury was unable to reach a verdict in the first trial. The trial court declared a mistrial.

C.    SECOND TRIAL TESTIMONY

The State tried Woodard again after the mistrial. Officer Dolan again testified at the second trial. On direct examination, Officer Dolan testified that during Woodard's strip search, she

observed some pills taped to Woodard's chest. On cross-examination, Woodard's counsel asked, "And then [Woodard] handed you—she handed you the tape?" 3 VRP (Jan. 15, 2019) at 456. To this question, Officer Dolan stated, "Um, I don't know that she just handed it to us." 3 VRP (Jan. 15, 2019) at 456. Woodard's counsel did not question Officer Dolan about her testimony from Woodard's first trial.

D.      JURY INSTRUCTIONS

The trial court instructed the jury that to convict Woodard, the jury had to find each of the following elements beyond a reasonable doubt,

(1) That on or about April 17, 2018, [Woodard] was confined to a county or local correctional institution; and
    a) While in the institution, or
    b) Under the custody or supervision of institution officers, or employees, or
    c) While on any premises subject to the control of the institution; and
(2) Knowingly possessed a controlled substance; and
(3) That any of these acts occurred in the County of Cowlitz.

Clerk's Papers (CP) at 49. The trial court also defined "knowingly" for the jury. Instruction No. 5 defined "knowingly" as follows,

> A person knows or acts knowingly or with knowledge with respect to a fact, circumstance or result when he or she is aware of that fact, circumstance or result. It is not necessary that [t]he person know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime.
>
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.
>
> When acting knowing as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.

CP at 43. Woodard did not object to these jury instructions.

3

E.      JUDGMENT AND SENTENCE

The jury found Woodard guilty of possessing a controlled substance while confined in a county correctional institution. The trial court imposed a standard range sentence of 10 days.

Woodard appeals.

## ANALYSIS

A.      INSTRUCTIONAL ERROR

Woodard argues that the trial court's instruction defining "knowledge" violated her right to due process because it relieved the State of its burden to prove an essential element of the charged crime. We decline to reach this issue because Woodard raises this issue for the first time on appeal.

Challenges to jury instructions are reviewed de novo. *State v. Pirtle,* 127 Wn.2d 628, 656, 904 P.2d 245 (1995), *cert. denied,* 518 U.S. 1026 (1996). Generally, a defendant who does not object to an instruction in the trial court cannot challenge that instruction for the first time on appeal. RAP 2.5(a); *State v. Johnson*, 188 Wn.2d 742, 761-62, 399 P.3d 507 (2017). An exception is when an instructional error is a manifest error of constitutional magnitude. RAP 2.5(a)(3); *State v. Ackerman*, 11 Wn. App. 2d 304, 309, 453 P.3d 749 (2019).

Jury instruction errors that have been held to be manifest constitutional errors involve errors "'directing a verdict, shifting the burden of proof to the defendant, failing to define the beyond a reasonable doubt standard, failing to require a unanimous verdict, and omitting an element of the crime charged.'" *State v. Grott*, 195 Wn.2d 256, 268, 458 P.3d 750 (2020) (internal quotation marks omitted) (quoting *State v. O'Hara*, 167 Wn.2d 91, 100-01, 217 P.3d 756 (2009)). When the instructions properly inform the jury of the elements of the charged crime, any error in

defining the terms used in the elements is not of constitutional magnitude. *State v. Gordon*, 172 Wn.2d 671, 679-80, 260 P.3d 884 (2011). Even an error defining technical terms does not rise to the level of constitutional error. *Id.* at 677.

Woodard raises instructional error for the first time on appeal. Because Woodard failed to object at trial, she must show that the alleged instructional error is an error of constitutional magnitude in order to obtain appellate review. RAP 2.5(a)(3); *Ackerman*, 11 Wn. App. 2d at 309.

RCW 9.94.041(2) states that a person commits the crime of possession of a controlled substance while confined to a county or local correctional institution when,

> Every person confined in a county or local correctional institution who, without legal authorization, while in the institution or while being conveyed to or from the institution, or while under the custody or supervision of institution officials, officers, or employees, or while on any premises subject to the control of the institution, knowingly possesses or has under his or her control any narcotic drug or controlled substance, as defined in chapter 69.50 RCW, alcohol, marijuana, or other intoxicant, or a cell phone or other form of an electronic telecommunications device, is guilty of a class C felony.

The trial court instructed the jury that to convict Woodard on the charge of possession of a controlled substance while confined to a county or local correctional institution, the jury had to find each of the following elements beyond a reasonable doubt,

> (1) That on or about April 17, 2018, [Woodard] was confined to a county or local correctional institution; and
>     a) While in the institution, or
>     b) Under the custody or supervision of institution officers, or employees, or
>     c) While on any premises subject to the control of the institution; and
> (2) Knowingly possessed a controlled substance; and
> (3) That any of these acts occurred in the County of Cowlitz.

CP at 49.

Woodard does not argue that the trial court failed to instruct the jury on the elements of the crime. Rather, Woodard assigns error to the "knowingly" instruction, which is a definitional instruction for one of the terms contained in the statutory elements. *State v. Goble*, 131 Wn. App. 194, 202, 126 P.3d 821 (2005). But when the instructions properly inform the jury of the elements of the charged crime, any error in defining the terms used in the elements is not of constitutional magnitude. *Gordon*, 172 Wn.2d at 679-80.

Here, the trial court properly instructed the jury on the elements of the crime of possession of a controlled substance while confined to a county or local correctional institution. Thus, any alleged error in defining "knowingly" is not an error of constitutional magnitude satisfying the RAP 2.5(a)(3) standard. *O'Hara*, 167 Wn.2d at 107. Accordingly, we decline to reach this issue because Woodard is deemed to have waived her challenge. *See Johnson*, 188 Wn.2d at 761-62.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Woodard argues that defense counsel provided ineffective assistance because she failed to object to the trial court's jury instruction regarding "knowledge." Woodard also argues that defense counsel was ineffective because she failed to cross-examine Officer Dolan about prior testimony. We disagree.

1.      Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a defendant the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). An ineffective assistance of counsel claim is a mixed question of fact and law that this court reviews

de novo. *State v. McLean*, 178 Wn. App. 236, 246, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014)

To prevail on an ineffective assistance of counsel claim, the defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. *Grier*, 171 Wn.2d at 32-33. If the defendant fails to satisfy either prong, the defendant's ineffective assistance of counsel claim fails. *Id.* at 33.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 33. This court engages in a strong presumption that counsel's performance was reasonable. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). A defendant may overcome this presumption by showing that "'there is no conceivable legitimate tactic explaining counsel's performance.'" *Grier*, 171 Wn.2d at 33 (quoting *State v. Reichenbach* 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

To establish prejudice, the defendant must "prove that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *Kyllo*, 166 Wn.2d at 862. If the defendant bases her ineffective assistance of counsel claim on defense counsel's failure to object, the defendant must show that the objection would have succeeded. *State v. Gerdts,* 136 Wn. App. 720, 727, 150 P.3d 627 (2007).

The record on appeal must be sufficient to determine what counsel's reasons for the decision were in order for this court to evaluate whether counsel's reasons were legitimate. *State v. Linville*, 191 Wn.2d 513, 525-26, 423 P.3d 842 (2018). If counsel's reasons for the challenged action are outside the record on appeal, the defendant must bring a separate collateral challenge. *Id.*

2.      Failing to Object to Jury Instruction

Woodard argues that defense counsel provided ineffective assistance because she failed to object to the trial court's jury instruction regarding "knowledge." We disagree.

Here, the state of mind required to convict Woodard under RCW 9.94.041(2) is "knowingly." The trial court gave a "knowingly" instruction to the jury that is identical to WPIC 10.02. *See* CP at 43 and 11 Wash. Prac., Pattern Jury Instr. Crim. (WPIC) 10.02 (4th Ed). In *Leech*, our Supreme Court expressly approved of WPIC 10.02 to instruct the jury on the meaning of "knowledge." *State v. Leech*, 114 Wn.2d 700, 710, 790 P.2d 160 (1990), *abrogated on other grounds by In re Pers. Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002). More recently, in *State v. Allen*, 182 Wn.2d 364, 372, 341 P.3d 268 (2015), our Supreme Court affirmed that the instructional language of WPIC 10.02 "correctly stated the law regarding 'knowledge.'"[1] Once the Supreme Court decides an issue of state law, that interpretation is binding on all lower courts until it is overruled by the Supreme Court. *Hamilton v. Dep't of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.3d 618 (1988). Therefore, the trial court would not have had grounds to sustain defense counsel's objection to the "knowingly" instruction that the trial court gave to the jury.

---

[1] Woodard mistakenly relies on *State v. Allen*, 182 Wn.2d 364, 341 P.3d 268 (2015) and *State v. Drewery*, No. 77031-4-I (Wash. Ct. App. Apr. 1, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/770314.pdf, for the proposition that actual knowledge is required to convict under RCW 9.94.041. In *Allen*, our Supreme Court held that to convict a person as an accomplice, that accomplice must have actual knowledge that principal was engaging in the crime eventually charged. *Allen,* 182 Wn.2d at 374. The question of applying the actual knowledge standard is unique to the accomplice liability statute. RCW 9A.08.020(3); *Allen,* 182 Wn.2d at 374. Because the actual knowledge standard applies to accomplice liability and not possession cases, *Allen* does not support Woodard's argument. *See* RCW 9.94.041(2); RCW 9A.08.010(1)(b). Woodard's reliance on *Drewery* suffers the same defect.

The "knowingly" instruction provided by the trial court was a correct statement of the law. *Allen*, 182 Wn.2d at 372. Because any objection defense counsel may have made to the "knowingly" instruction would not have succeeded, defense counsel's performance was not deficient. *Gerdts,* 136 Wn. App. at 727. Accordingly, we reject Woodard's claim of ineffective assistance of counsel based on the failure to object to the trial court's jury instruction.

3.      Failure to Cross-Examine

Woodard argues that she received ineffective assistance because her defense counsel failed to cross-examine Officer Dolan with prior testimony. We disagree.

Here, the record is insufficient to determine whether defense counsel's performance was deficient. The record contains no information on the reasons that defense counsel chose not to cross-examine Officer Dolan on her prior testimony.

Also, despite Woodard's argument, Officer Dolan's testimony from the first trial and the second trial were not inconsistent. In the first trial, Officer Dolan testified that "[w]e've had people in strip searches get what we call squirrely and try to consume whatever it is that has been brought in, but I don't recall that being the case in this instance." 1 VRP (Dec. 4, 2018) at 163. In the second trial, in response to a question as to whether Woodard handed her the tape, Officer Dolan testified that "I don't know that she just handed it to us." 3 VRP (Jan. 15, 2019) at 456. These statements are not inconsistent with each other. Any additional cross examination would have only revealed that that Officer Dolan did not recall if Woodard was "squirrelly."

Because the record on appeal does not establish the reasons behind counsel's decisions, under *Linville*, we decline to reach this issue, and Woodard must bring a separate collateral challenge.

9

No. 53026-1-II

D.    CUMULATIVE ERROR DOCTRINE

Lastly, Woodard argues that the cumulative error doctrine warrants reversal of her conviction. "Under the cumulative error doctrine, a defendant may be entitled to a new trial when cumulative errors produce a trial that is fundamentally unfair." *State v. Emery*, 174 Wn.2d 741, 766, 278 P.3d 653 (2012). As discussed above, Woodard fails to show that there was any error. Therefore, the cumulative error doctrine does not apply.

We affirm Woodard's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Veljacic, J.

10