FILED
COURT OF APPEALS
DIVISION II

2014 DEC 30 AM 9: 49

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45495-5-II |
| Respondent, | |
| v. | |
| KEITH PASCAL WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Keith Williams appeals his convictions for second degree identity theft and bail jumping. He argues that he received ineffective assistance of counsel based on his trial counsel's stipulation to the presentation of certain evidence. Because Williams's trial counsel was not ineffective, we affirm.

## FACTS

Pierce County Sheriff's Deputies arrived at a trailer park after midnight as part of an investigative contact. As they arrived, two men walked around the corner from a neighboring trailer. Although it was very dark, Deputies Olson and Helligso immediately recognized the men from previous contacts. One of the men was Williams. Deputy Helligso patted Williams down and removed a knife from his pocket.

As Helligso removed the knife, a credit card fell out of Williams's pocket. The credit card bore the name "Rusty McGuire." 1 Verbatim Report of Proceedings (VRP) at 25. The deputies checked police records and discovered that Rusty McGuire had reported the credit card, along with the rest of his wallet, missing the previous day. McGuire reported that the wallet had

been taken from his work truck. After the card was stolen, it was used on five occasions before the deputies found it.

The State charged Williams with one count of second degree identity theft and one count of second degree possession of stolen property. Williams failed to appear for a status conference court hearing. Williams was then charged with one count of bail jumping.

At a pretrial hearing, the State announced its plan for addressing the fact that the deputies recognized Williams. The State said that it had discussed this issue with Williams's counsel. The State said that the deputies "knew the defendant and the other man from previous contacts and arrests." 1 VRP at 11. The State further said, "My intent is to advise [the deputies] not to mention the arrest part, but I do intend to elicit that they knew the defendant from previous contacts because that's how they identified him." 1 VRP at 11. In response, Williams's trial counsel acknowledged that he had discussed this plan with the State before, stating, "That's what we discussed briefly, Your Honor." 1 VRP at 11. The trial court confirmed that the deputies would be instructed to not mention Williams's prior arrests in their testimony as their basis for recognizing Williams. Williams's trial counsel did not object to the plan or raise the issue again.

At trial, as agreed by the State and Williams's trial counsel, the deputies testified about the previous contacts with Williams and about the circumstances surrounding the identification and pat-down. Deputies Helligso and Olson both testified that they immediately recognized Williams. Deputy Olson testified that he "put [his] flashlight on right away, and [he] recognized both of [the men] immediately," indicating that he may have failed to recognize Williams until he saw him illuminated. 1 VRP at 29. Helligso testified, "We contacted both of the subjects numerous times prior to that." 1 VRP at 23. Helligso testified that he patted Williams down

2

"[t]o ensure [Williams] didn't have any firearms, knives, that type of thing." 1 VRP at 23. During the pat-down, Williams told Helligso that he had a knife in his pocket. Williams's trial counsel did not object to any of this testimony.

In closing, the State reminded the jury that Deputy Helligso had patted down the defendant "for officer safety, given the fact it was dark at night." 2 VRP at 87. The State also reminded the jury that the deputies "knew the defendant. He wasn't Rusty McGuire. The defendant was Keith Williams. So they knew that this card in his possession did not belong to him." 2 VRP at 87. Williams's trial counsel did not object.

A jury found Williams guilty of second degree identity theft and bail jumping, and not guilty of possessing stolen property.

## ANALYSIS

### I. NO INVITED ERROR

As a threshold issue, the State argues that Williams cannot assert this ineffective assistance of counsel claim on appeal because he invited the error by stipulating before trial to how the evidence would be presented. We disagree.

Under the invited error doctrine, a defendant may not make a tactical decision and later rely on that decision as the basis for reversal. *In re Pers. Restraint of Call*, 144 Wn.2d 315, 328, 28 P.3d 709 (2001). But the invited error doctrine does not foreclose review of a claim of ineffective assistance of counsel. *State v. Kyllo*, 166 Wn.2d 856, 861, 215 P.3d 177 (2009); *State v. Studd*, 137 Wn.2d 533, 550-51, 973 P.2d 1049 (1999); *State v. Gentry*, 125 Wn.2d 570, 647, 888 P.2d 1105 (1995); *State v. Bennett*, 87 Wn. App. 73, 76, 940 P.2d 299 (1997). That is, where defense counsel has arguably invited an error and the defendant later challenges that

No. 45495-5-II

decision on ineffective assistance of counsel grounds, it cannot be said that the defendant invited the error. *Gentry*, 125 Wn.2d at 647. Thus, the State's argument fails.

## II. NO INEFFECTIVE ASSISTANCE OF COUNSEL

Williams argues that he received ineffective assistance of counsel in violation of his federal and state constitutional rights to counsel. U.S. Const. amend. VI, Const. art. 1 § 22. He argues that his trial counsel was deficient for failing to object to the State's proposal to elicit testimony from the deputies that they recognized Williams from numerous previous contacts, because this evidence prejudicially suggested a criminal history. We disagree.

A.    *Standard of Review*

A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To show ineffective assistance of counsel, the appellant must demonstrate both that (1) his counsel's performance was deficient and (2) this deficiency prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996); *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). The appellant's failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700. Additionally, where the appellant claims ineffective assistance based on his trial counsel's failure to object, the appellant must also show that such an objection, if made, would have been successful in order to establish deficient performance. *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007).

Counsel's performance is deficient if, under all the circumstances, it falls below an objective standard of reasonableness. *Fleming*, 142 Wn.2d at 865-66. When reviewing

4

deficiency, we strongly presume that counsel was effective. *State v. McLean*, 178 Wn. App. 236, 247, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014). "To rebut this presumption, the defendant bears the burden of establishing the absence of any '*conceivable* legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

B.     *Williams's Trial Counsel Was Not Deficient*

1. *Conceivable Legitimate Tactic*

Williams argues that his trial counsel was deficient for failing to object to the State's proposal to elicit testimony from the deputies that they recognized Williams from numerous previous contacts. We disagree, because this was a conceivable legitimate trial tactic, and an objection to the admission of this evidence would not have been sustained. *Grier*, 171 Wn.2d at 42.

Here, there was a conceivable legitimate tactic explaining trial counsel's agreement to the State's proposal to elicit testimony from the deputies about recognizing Williams from previous contacts. The State needed to demonstrate how the deputies recognized Williams quickly enough to know that the credit card did not belong to him. Williams's counsel's agreement to quickly dispose of the fact that the deputies recognized Williams, using the neutral language of "previous contacts," is a conceivable legitimate trial tactic to minimize the discussion of this issue, and the tactic is therefore not deficient. *Grier*, 171 Wn.2d at 42. Neither was it deficient for counsel to adhere to his agreement with the State not to object at trial when the "previous contacts" testimony was given, because an objection at that juncture would have highlighted to the jury the otherwise-minor point that the deputies recognized Williams from previous contacts.

2. *Objection Would Not Have Been Sustained*

Moreover, an objection to the proposal would likely not have succeeded. Because Williams points to his counsel's failure to object as the basis for his claim, he must demonstrate that such an objection would have succeeded. *Gerdts*, 136 Wn. App. at 727. Williams acknowledges that the fact the deputies recognized Williams was "arguably relevant to demonstrate deputies knew the credit card did not belong to him." Br. of Appellant at 7. He argues, however, the court would have sustained an objection because the danger of unfair prejudice substantially outweighed the probative value, given that this evidence revealed that, having recognized Williams, the deputies were alarmed and immediately frisked him for weapons. ER 403. We disagree, because the trial court would not have sustained this objection given the relatively low prejudice and high probative value of the deputies' familiarity with Williams.

ER 403 provides that the trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or concerns of judicial economy. Under the rule, trial courts balance the probative value and potential prejudicial effect of evidence. A trial court would sustain an objection based on prejudice only if the prejudicial effect substantially outweighs the probative value of the evidence. Here, the danger of prejudice did not substantially outweigh the probative value.

Williams argues that evidence that the officers recognized him through previous contacts was highly prejudicial because it strongly suggested criminal propensity. He also argues that this evidence revealed that the deputies were alarmed and immediately frisked him for weapons. But framed as "previous contacts," the evidence was not highly prejudicial: while jurors could have

inferred that the previous contacts were of a criminal nature, they were not required to make such an inference. It is not so unusual for a local sheriff's deputy to be familiar with a community member that the jury would necessarily have assumed Williams had many *negative* interactions with law enforcement. And the State elicited no testimony that the officers frisked Williams for weapons because of knowledge they had gleaned from prior contacts. The State did not elicit, and the officers did not give, any testimony emphasizing that the deputies only frisk dangerous people, or that they felt especially threatened by Williams based on the previous contacts.

The evidence was highly probative. The deputies' testimonies about how they quickly determined the credit card did not belong to Williams only made sense if the jury heard that the deputies knew who Williams was. Any potential prejudice must *substantially* outweigh this probative value for the evidence to be excluded. ER 403. Williams cannot meet his burden to show that any objection to this evidence would have been sustained.

Because Williams's trial counsel's agreement that the State would elicit testimony about previous "contacts," not "arrests," was a conceivable legitimate trial tactic, and because an objection to this evidence would not have succeeded, Williams's trial counsel's performance did not fall below an objective standard of reasonableness. Because he cannot show deficient performance, Williams's ineffective assistance of counsel claim fails. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 847, 280 P.3d 1102 (2012). We do not reach the question of whether Williams suffered prejudice to his case. *Strickland*, 466 U.S. at 700.

No. 45495-5-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Worswick, J._

We concur:

_Bjorgen, A.C.J._

_Melnick, J._