[No. 59133-9-I.   Division One.   July 7, 2008.]

THE STATE OF WASHINGTON, *Petitioner*, v. BENJAMIN TONELLI PRADO, *Respondent*.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Heidi J. Jacobsen-Watts* and *Christina Miyamasu, Deputies,* for petitioner.

*Mark L. Langley* and *Kevin P. McCabe* (of *Associated Counsel for the Accused*), for respondent.

¶1 GROSSE, J. — Washington State's requirement that automobile drivers remain within a single lane of travel "as nearly as practicable" does not impose strict liability.[1] A vehicle crossing over a lane once for one second by two tire widths does not, without more, constitute a traffic violation justifying a stop by a police officer. We affirm the superior court's RALJ decision.

## FACTS

¶2 Benjamin Tonelli Prado was stopped in May 2004 as he exited Interstate 5 at James Street. A police officer observed Tonelli Prado's car cross an eight-inch white line dividing the exit lane from the adjacent lane by approximately two tire widths for one second. Tonelli Prado was subsequently arrested for driving under the influence of intoxicants. His motion to suppress was denied by the trial court on the grounds that he had done more than merely touch the white line but had actually crossed it. Tonelli Prado was subsequently convicted.

¶3 On RALJ appeal, the superior court reversed, holding that the language "as nearly as practicable" required an

---

[1] RCW 46.61.140(1).

analysis of the totality of the circumstances and that here there was nothing more than a brief incursion across the white lane line with no erratic driving or safety problems. The State appealed and we granted discretionary review.[2]

## ANALYSIS

¶4 The pertinent statute, RCW 46.61.140(1), provides:

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

(1) A vehicle shall be driven *as nearly as practicable* entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.[3]

The phrase "as nearly as practicable" has not yet been interpreted by a Washington court. Courts in other jurisdictions, however, when construing similar language in the context of whether those observations of potential violations created the basis for a valid investigatory stop, have held such minor incursions over a lane line to be an insufficient basis for a stop.[4]

¶5 Arizona has a similarly worded statute. In *State v. Livingston*,[5] an Arizona appellate court held that the language requiring a driver to remain exclusively in a single lane "as nearly as practicable" indicated an express legislative intent to avoid penalizing brief, momentary, and minor deviations of lane lines. We agree.

---

[2] RAP 2.3(d)(3).

[3] (Emphasis added.)

[4] *State v. Cerny*, 28 S.W.3d 796, 800-01 (Tex. App. 2000) (stop improper when driver's wheels only touched center line); *State v. Gullett*, 78 Ohio App. 3d 138, 604 N.E.2d 176, 180-81 (1992) (stop unreasonable where a vehicle driven on a roadway with no other traffic present, no speeding, erratic driving, or other conduct, except for the edge line incident).

[5] 206 Ariz. 145, 75 P.3d 1103 (Ct. App. 2003).

¶6 In upholding the suppression of evidence, the *Livingston* court noted that the State did not dispute that Livingston otherwise drove safely apart from the minor breach of the shoulder line. Similarly, here, the State does not dispute that there is nothing other than this brief incursion over the lane line.

¶7 We believe the legislature's use of the language "as nearly as practicable" demonstrates a recognition that brief incursions over the lane lines will happen. Here, like in *Livingston*, the officer did not testify to anything more than a brief incursion over the lane line. A vehicle crossing over the line for one second by two tire widths on an exit lane does not justify a belief that the vehicle was operated unlawfully. This stop was unlawful, and thus we need not undertake a review of whether the search was reasonable. [6] This is particularly so as the officer testified that there was no other traffic present and no danger posed to other vehicles. We agree with the RALJ judge that the totality of the circumstances here do not create a traffic violation under the statute.

¶8 We affirm.

DWYER, A.C.J., and AGID, J., concur.

---

[6] *State v. Larson*, 93 Wn.2d 638, 611 P.2d 771 (1980) (holding that where initial stop was improper, all evidence seized as a result of that stop must be suppressed); *State v. Byrd*, 110 Wn. App. 259, 39 P.3d 1010 (2002) (evidence seized as a result of an invalid vehicle stop excluded).