# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74775-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTI L. KOCHER, | ) | PUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 26, 2017 |
| | ) | |

Cox, J. — At issue is whether a state patrol trooper had reasonable suspicion of a traffic infraction by Christi Kocher to make a warrantless traffic stop. Because RCW 46.61.670 provided authority for the stop under the circumstances of this case, we affirm the decision of the superior court on RALJ review.

A state patrol trooper drove behind Kocher as she drove in the far right lane southbound on Interstate 5 during the late evening. As traffic to Kocher's front and left came to a stop, Kocher drove two wheels of her vehicle over the fog line for approximately 200 feet. Based on these observations, the trooper stopped Kocher's vehicle.

Kocher submitted to sobriety tests during the stop. The trooper observed clues of intoxication and arrested her for driving under the influence, a traffic infraction under RCW 46.61.502.

The State charged Kocher with driving under the influence, contrary to RCW 46.61.502 and RCW 46.61.506. She moved to suppress all evidence from the stop and for dismissal. She argued that the trooper had no reasonable suspicion to justify the stop. The State disagreed. It argued that Kocher committed a traffic infraction by driving on the shoulder of the road for approximately 200 feet, in violation of RCW 46.61.670.

Based on the trooper's testimony and the dash camera footage from his vehicle, the district court found that the State "only established a 200 foot incursion over the fog line that occurred only when traffic in front and next to the defendant came to a stop on Interstate 5."[1] The court concluded that this was insufficient to establish reasonable suspicion under RCW 46.61.140 and the cases cited in its written decision. It granted Kocher's motion to suppress all evidence and dismissed the case.

The State appealed to the superior court, arguing there was reasonable suspicion under RCW 46.61.670, an argument the district court rejected. The RALJ court agreed with the State, reversing the district court's decision and remanding for further proceedings. The RALJ court concluded that RCW 46.61.670, not RCW 46.61.140, controlled under the circumstances of this case.

We granted Kocher's request for discretionary review.

---

[1] Clerk's Papers at 14.

2

## REASONABLE SUSPICION

Kocher argues that the RALJ court applied the wrong statute to determine whether the trooper had reasonable suspicion of a traffic infraction to stop her. Specifically, she contends that RCW 46.61.140, "Driving on roadways laned for traffic," not RCW 46.61.670, "Driving with wheels off roadway," applies. We hold that RCW 46.61.670 controls where it is undisputed that Kocher operated the wheels of her vehicle over the fog line, off of the roadway.

Both the Fourth Amendment to the United States Constitution and article I, section 7 of Washington's Constitution prohibit unreasonable seizures.[2] A traffic stop constitutes a seizure.[3] Warrantless seizures are per se unreasonable, unless an exception to the warrant requirement applies.[4] The State bears the burden of establishing an exception.[5]

"Warrantless traffic stops are constitutional . . . as investigative stops but only if based upon at least a reasonable articulable suspicion of either criminal activity or a traffic infraction, and only if reasonably limited in scope."[6] "The narrow exception to the warrant requirement for investigative stops has been extended beyond criminal activity to the investigation of traffic infractions."[7] This

---

[2] State v. McLean, 178 Wn. App. 236, 244, 313 P.3d 1181 (2013).

[3] Id.

[4] State v. Snapp, 174 Wn.2d 177, 187-88, 275 P.3d 289 (2012).

[5] Id. at 188.

[6] State v. Arreola, 176 Wn.2d 284, 292-93, 290 P.3d 983 (2012).

[7] Id. at 293.

3

is due to "'the law enforcement exigency created by the ready mobility of vehicles and governmental interests in ensuring safe travel, as evidenced in the broad regulation of most forms of transportation.'"[8]

When reviewing whether an investigative stop was lawful, we evaluate the totality of the circumstances presented to the officer, including the officer's training and experience.[9]

We also interpret statutes to determine and apply the legislature's intent.[10] That intent is solely derived "from the statute's plain language . . . ."[11] We must read the enactment as a whole and harmonize the provisions "by reading them in context with related provisions."[12]

"'[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.'"[13] Courts may not add words where the legislature has chosen to exclude them.[14]

---

[8] Id. (quoting State v. Day, 161 Wn.2d 889, 897, 168 P.3d 1265 (2007)).

[9] McLean, 178 Wn. App. at 244-45.

[10] Segura v. Cabrera, 184 Wn.2d 587, 591, 362 P.3d 1278 (2015).

[11] Id.

[12] Id. at 593.

[13] City of Kent v. Beigh, 145 Wn.2d 33, 45-46, 32 P.3d 258 (2001) (internal quotation marks omitted) (quoting State v. Enstone, 137 Wn.2d 675, 680-81, 974 P.2d 828 (1999)).

[14] State v. Arlene's Flowers, Inc., 187 Wn.2d 804, 829, 389 P.3d 543 (2017).

When the plain language of a statute is unambiguous, courts will not construe the statute otherwise.[15]

We review de novo questions of statutory interpretation.[16]

Here, Kocher does not challenge the district court's factual determinations. So they are verities on appeal.[17]

Notably, the district court found that "the State only established a 200 foot incursion over the fog line that occurred only when traffic in front and next to the defendant came to a stop on Interstate 5."[18] Thus, there is no dispute that Kocher operated her vehicle partially over the fog line, which is off the roadway, for a distance of 200 feet.[19]

The dispute between the parties centers on which of two statutes controls the determination whether reasonable suspicion to initiate a traffic stop exists under these undisputed facts. Kocher argues that RCW 46.61.140 controls. The State maintains that RCW 46.61.670 controls. We agree with the State.

In relevant part, RCW 41.61.670 provides:

> It shall be unlawful to operate or drive any vehicle . . . over or along any pavement . . . on a public highway with **one wheel or all of the wheels off the roadway** thereof, except . . . for the purpose of

---

[15] Id.

[16] W. Plaza, LLC v. Tison, 184 Wn.2d 702, 707, 364 P.3d 76 (2015).

[17] Mueller v. Wells, 185 Wn.2d 1, 9, 367 P.3d 580 (2016).

[18] Clerk's Papers at 14.

[19] See RCW 46.04.500; Becker v. Tacoma Transit Co., 50 Wn.2d 688, 697, 314 P.2d 638 (1957).

stopping off such roadway, or having stopped thereat, for proceeding back onto the pavement . . . .[20]

Under the plain language of this statute, it is a traffic infraction, except in certain situations not relevant here, to drive a vehicle "on a public highway with one wheel or all of the wheels off the roadway."[21] A "roadway" is the "portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder . . . ."[22]

Based on the straightforward application of this statute to the undisputed facts of this case, the state trooper had reasonable suspicion to believe that Kocher committed a traffic infraction. The warrantless traffic stop was lawful.

State v. Huffman[23] is consistent with this result. There, a trooper stopped Sarah Huffman for weaving while driving a vehicle on a roadway.[24] Specifically, the trooper observed Huffman "jerking back to the right side of the road [three times]. On the fourth occasion, the vehicle crossed the centerline" of the roadway.[25] After the stop and investigation, the trooper arrested Huffman for driving under the influence.[26]

---

[20] (Emphasis added.)

[21] RCW 46.61.670.

[22] RCW 46.04.500; Becker, 50 Wn.2d at 697.

[23] 185 Wn. App. 98, 107, 340 P.3d 903 (2014).

[24] Id. at 101.

[25] Id.

[26] Id.

In the prosecution that followed, Huffman moved to suppress all evidence obtained from the stop.[27] She argued there was no reasonable suspicion of a traffic infraction under RCW 46.61.140 to justify the stop.[28] The district court agreed and granted her motion.

On RALJ review, the superior court reversed. The court concluded that Huffman had committed a traffic infraction under RCW 46.61.100.[29]

This court granted Huffman's request for discretionary review. The question was "whether the 'as nearly as practicable' language of RCW 46.61.140 applie[d] to RCW 46.61.100."[30] We held that this qualifying language of RCW 46.61.140 does not apply to RCW 46.61.100.[31] We further concluded that our

---

[27] Id.

[28] See id.

[29] Id. at 101-02. This statute provides, in relevant part, as follows: "(1) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; (b) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard; (c) Upon a roadway divided into three marked lanes and providing for two-way movement traffic under the rules applicable thereon; (d) Upon a street or highway restricted to one-way traffic; or (e) Upon a highway having three lanes or less, when approaching a stationary authorized emergency vehicle, tow truck or other vehicle providing roadside assistance while operating warning lights with three hundred sixty degree visibility, or police vehicle as described under RCW 46.61.212(2)."

[30] Huffman, 185 Wn. App. at 102.

[31] Id. at 107.

decision in State v. Prado[32] was limited the facts in that case, which involved only a violation of RCW 46.61.140, not RCW 46.61.100.[33]

Similar logic applies here. RCW 46.61.670 is explicit that it is unlawful to drive any vehicle:

> over or along any pavement . . . on a public highway **with one wheel or all of the wheels off the roadway thereof**, except . . . for the purpose of stopping off such roadway, or having stopped thereat, for proceeding back onto the pavement . . . .[34]

Thus, driving over the fog line is a traffic infraction unless one of the enumerated exceptions in this statute applies.

Here, Kocher did not squarely raise below the argument that she satisfied the stopping exception.[35] Thus, we need not consider this argument.[36] In any event, she properly concedes she did not stop.[37]

In contrast, RCW 46.61.140 addresses the safe changing of lanes and the use of a centerline. Specifically, it states:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

---

[32] 145 Wn. App. 646, 186 P.3d 1186 (2008).

[33] Huffman, 185 Wn. App at 107.

[34] (Emphasis added.)

[35] See Clerk's Papers at 107-08.

[36] See RAP 2.5(a).

[37] Clerk's Papers at 86, 89, 98; Appellant's Reply Brief at 7; Wash. Court of Appeals oral argument, State v. Kocher, No. 74775-4-I (June 2, 2017), at 37 min., 56 sec. through 37 min., 59 sec. (on file with court).

> (1) A vehicle shall be driven **as nearly as practicable** entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
>
> . . . .[38]

Notably, this statute contains the qualifier "as nearly as practicable" that RCW 46.61.670 does not. Moreover, there is no mention of driving off the roadway as stated in RCW 46.61.670.

Accordingly, the RALJ court properly applied RCW 46.61.670 and concluded that the trooper lawfully stopped Kocher.

Similarly to Huffman, Kocher unpersuasively argues that harmonizing RCW 46.61.140 with RCW 46.61.670 requires reading into the latter statute the former's "as nearly as practicable" language. The Huffman court rejected this argument.[39] And we hold likewise. We will not, in the guise of construing the statute, add language to RCW 46.61.670 that the legislature chose not to put there.[40] Such an interpretation would be inconsistent with the plain language of RCW 46.61.670.

Kocher relies on two cases from this court to support her argument that the trooper did not have reasonable suspicion to conduct the stop. She argues that courts must look at the totality of the circumstances to make this determination. Those cases are distinguishable.

---

[38] RCW 46.61.140 (emphasis added).

[39] Huffman, 185 Wn. App at 104-05.

[40] See In re Estate of Mower, 193 Wn. App. 706, 713, 374 P.3d 180, review denied sub nom., 186 Wn.2d 1031 (2016).

In Prado, a police officer observed Benjamin Tonelli Prado's vehicle cross the white line dividing the exit lane from the adjacent lane.[41] In State v. Jones, a police officer observed Donald Jones's vehicle cross the fog line three times.[42] In those cases, the State relied on RCW 46.61.140 to justify the traffic stop.[43] Thus, this court applied a "totality of the circumstances" analysis to determine whether the officers had reasonable suspicion to conduct the stops.[44]

Here, the State relied on RCW 41.61.670. As we explained earlier in this opinion, this statute is not modified by the language in RCW 46.61.140. Accordingly, Kocher's reliance on these cases is misplaced.

Kocher also relies on an out-of-state case and federal cases to support her argument.[45] But our task here is to decide the legislative intent of legislators in Washington, not the intent of legislatures elsewhere. We have done so by reading the plain words of RCW 41.61.670.

Kocher argues that the State's interpretation of RCW 41.61.670 "would result in absurdity." She specifically argues that "even the most minor deviation across a fog line . . . could result in warrantless seizures, whereas identical

---

[41] 145 Wn. App. at 647.

[42] 186 Wn. App. 786, 788, 347 P.3d 483 (2015).

[43] See Jones, 186 Wn. App. at 790; Prado, 145 Wn. App. 646, 648-49.

[44] See Jones, 186 Wn. App. at 791-94; Prado, 145 Wn. App. 646, 647-49.

[45] See United States v. Delgado-Hernandez, 283 F. App'x. 493 (9th Cir. 2008); United States v. Colin, 314 F.3d 439 (9th Cir. 2002); State v. Livingston, 206 Ariz. 145, 75 P.3d 1103 (Ariz. Ct. App. 2003).

conduct across a [non-solid boundary] line would not."[46]  She similarly argues that public policy would disfavor such a result.

These arguments are better directed to the legislature, not this court.  The legislative intent of RCW 46.61.670, under its plain words, is to define a traffic infraction under circumstances like those in this case.  We need not decide any other questions.

Kocher relies on Raybell v. State[47] to argue that RCW 46.61.670 does not apply to every fog lane incursion.  But in that wrongful death case, the road lacked a shoulder.[48]  Thus, Division Two of this court determined that the legislature did not intend for the statute to apply to a roadway without a shoulder.[49]  The roadway in this case has a shoulder.  That case has no bearing here.

Kocher also argues that we should apply the rule of lenity and interpret RCW 46.61.670 in her favor.  The rule of lenity applies to ambiguous statutes in criminal cases.[50]  RCW 46.61.670 is not ambiguous.  Thus, the lenity rule has no application here.

Lastly, Kocher argues that the trooper lacked experience to recognize impaired driving and that the State failed to present evidence of his reasonable

---

[46] Appellant's Amended Brief at 11.

[47] 6 Wn. App. 795, 796, 496 P.2d 559 (1972).

[48] Id. at 797-98.

[49] Id. at 806.

[50] State v. Conover, 183 Wn.2d 706, 712, 355 P.3d 1093 (2015).

suspicion of criminal behavior. The district court did not address this question because of the posture of the case when it granted the motion to suppress and dismiss. Thus, we need not address this argument.

We affirm the RALJ court's decision and remand to the district court for further proceedings.

_____
COX, J.

WE CONCUR:

_____
Trickey, J

_____
Verellen, J