**FILED**
**DECEMBER 4, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34711-7-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ERICA C. MAGALLON ALVAREZ, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Under RCW 46.61.670, it is a traffic infraction to operate a vehicle with one or more wheels off a designated roadway. Unlike other traffic statutes, RCW 46.61.670 affords no room for error. Even a minor, momentary violation meets the terms of the statute and can provide a basis for a traffic stop and imposition of an infraction.

Erica Alvarez was stopped by a Washington State Patrol trooper after her car wheels briefly traveled over a fog line and onto an area not designated as a roadway. The district and superior courts in Benton County held that this minor intrusion did not justify a traffic stop. Because we disagree, we reverse.

FACTS

Washington State Patrol Trooper Jarryd Bivens was patrolling Interstate 82 in Benton County, Washington, when he saw a car briefly cross over the right fog line and onto rumble strips. Both right side tires were across the fog line by at least one tire width. Trooper Bivens initiated a traffic stop. At the time, he did not suspect the driver was impaired. Once he contacted the driver, he noticed a number of indicators consistent with impairment. He then arrested the driver, Erica Alvarez, for driving under the influence (DUI).

The State charged Ms. Alvarez with DUI. She filed a motion to suppress, arguing her arrest was unlawful because the trooper lacked reasonable suspicion that she had committed the infraction of wheels off roadway under RCW 46.61.670. Ms. Alvarez claimed the wheels off roadway statute must be harmonized with RCW 46.61.140, which provides that a driver must operate his or her vehicle "as nearly as practicable" within a single lane of travel. She argued that if these two statutes are harmonized, a brief incursion across the fog line would not result in a violation of RCW 46.61.670. The State responded that one drives with wheels off roadway by driving on the shoulder of the roadway and that Ms. Alvarez drove on the shoulder.

2

The district court agreed with Ms. Alvarez and held that both statutes applied and therefore must be harmonized. Citing *State v. Prado*, 145 Wn. App. 646, 186 P.3d 1186 (2008), it concluded that Ms. Alvarez's brief incursion across the fog line did not violate the wheels off roadway statute. The district court entered findings of fact and conclusions of law and granted Ms. Alvarez's motion to dismiss.

The State appealed to superior court, which affirmed. We granted the State's request for discretionary review.

ANALYSIS

The sole issue on appeal is whether Trooper Bivens had reasonable suspicion to stop Ms. Alvarez for violating the wheels off roadway statute, RCW 46.61.670. The operative facts are not in dispute. Our review, therefore, is de novo. *State v. Johnson*, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

RCW 46.61.670 provides:

**Driving with wheels off roadway.**
It shall be unlawful to operate or drive any vehicle or combination of vehicles over or along any payment or gravel or crushed rock surface on a public highway with one wheel or all of the wheels off the roadway thereof, except as permitted by RCW 46.61.428 or for the purpose of stopping off such roadway, or having stopped thereat, for proceeding back onto the pavement, gravel or crushed rock surface thereof.

3

We recently addressed RCW 46.61.670 in *State v. Brooks*, 2 Wn. App. 2d 371, 409 P.3d 1072, *review denied*, 190 Wn.2d 1026, 421 P.3d 457 (2018). In *Brooks*, we began our analysis by focusing on the definition of "roadway." *Id*. at 374-75. The legislature has defined "roadway" as "'that portion of the highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder even though such sidewalk or shoulder is used by persons riding bicycles.'" *Id*. at 375 (quoting RCW 46.04.500).

Based on the "roadway" definition, *Brooks* announced the following two-step inquiry. *Id*. First, the court determines whether the area driven on meets the triggering definition of a "roadway." *Id*. "[I]s the area improved, designed, or ordinarily used for vehicular travel?" *Id*. If not, the inquiry stops; it is not a "roadway" under the definition. *Id*. If one of the three triggering definitions applies, the court will next determine whether the area is excluded from the "roadway" definition because it constitutes a sidewalk or shoulder. *Id*.

The area to the right of a fog line does not meet the first part of the *Brooks* standard. Although this area is ordinarily an improved space, it is not improved "for the purpose of facilitating travel." *Id*. at 376-77. Pavement itself is not sufficient evidence that an area has been improved for travel. *Id*. at 377. The area to the right of the fog line

is not designed for vehicular travel, nor is the area to the right of the fog line ordinarily used for vehicular travel.[1]  Therefore, RCW 46.61.670 prohibits driving with one or more wheels across the fog line.  *State v. Kocher*, 199 Wn. App. 336, 344, 400 P.3d 328 (2017) ("[D]riving over the fog line is a traffic infraction unless one of the enumerated exceptions in [the] statute applies.").

Ms. Alvarez argues that we should not end our analysis with RCW 46.61.670 because RCW 46.61.140(1) only requires that a vehicle be driven "as nearly as practicable" within a single lane of travel.  As pointed out in *Prado*, this language encompasses "brief, momentary and minor deviations of lane lines."  145 Wn. App. at 648.  Because Ms. Alvarez's car crossed over the fog line only once and did not create any safety concerns, Ms. Alvarez argues that RCW 46.61.140(1) protected her from the possibility of a law enforcement stop.

We find RCW 46.61.140(1) inapplicable.  Ms. Alvarez may be correct that Trooper Bivens could not have relied on RCW 46.61.140(1) as a basis for his traffic stop.  But that does not mean he was barred from considering other statutes.  RCW 46.61.670 is separate from RCW 46.61.140(1).  The former statute governs the unique situation of a

---

[1] The area to the right of the fog line may be designated for vehicular traffic when authorized by state or local authorities and accompanied by appropriate signage. *See* RCW 46.61.428.

vehicle's wheels departing a designated roadway, not the more general scenario of movement into another lane of travel. Unlike RCW 46.61.140(1), RCW 46.61.670 does not contain language indicating a vehicle must be driven "as nearly as practicable" with wheels on the roadway. Instead, RCW 46.61.670 affords no exceptions. Even a minor deviation violates the plain terms of the statute. *Kocher*, 199 Wn. App. at 344-45.

The fact that RCW 46.61.140(1) is inapplicable here does not render the statute a nullity. RCW 46.61.140(1) applies in circumstances where a vehicle momentarily crosses from one lane of traffic into a neighboring lane traveling the same direction. *State v. Hoffman*, 185 Wn. App. 98, 104-05, 340 P.3d 903 (2014). Such minor lane deviations are different from the circumstance here where a vehicle's wheels momentarily leave the designated roadway.

Whether the legislature *should* allow some room for minor deviations of a vehicle from the roadway under RCW 46.61.670 is a matter for the legislature, not this court. *Kocher*, 199 Wn. App. at 346. We are not at liberty to add language to RCW 46.61.670 regardless of whether we think a minor intrusion off the roadway presents no greater safety concern than a minor intrusion into an adjacent lane of travel.

No. 34711-7-III
*State v. Alvarez*

CONCLUSION

Ms. Alvarez's vehicle left the designated roadway when its wheels drifted over the fog line. A traffic stop was therefore justified under RCW 46.61.670. We reverse the contrary decisions of the district and superior courts and remand Ms. Alvarez's case for further proceedings.

_____
Pennell, J.

I CONCUR:

_____
Fearing, J.

7

No. 34711-7-III

LAWRENCE-BERREY, C.J. (dissenting) — The majority concludes that

RCW 46.61.670 makes it unlawful to even briefly drive across the fog line and onto the

shoulder. We recently held that RCW 46.61.100(1) makes it unlawful to even briefly

drive across the center line. *State v. Huffman*, 185 Wn. App. 98, 103-05, 340 P.3d 903

(2014). I write separately to emphasize that law enforcement may now initiate

investigatory stops for most minor lane violations. This is contrary to *State v. Prado*, 145

Wn. App. 646, 649, 186 P.3d 1186 (2008).

The *Prado* court construed RCW 46.61.140(1). That statute provides:

Whenever any roadway has been divided into two or more clearly marked
lanes for traffic the following rules in addition to all others consistent
herewith shall apply:
      (1) A vehicle shall be driven *as nearly as practicable* entirely within
a single lane and shall not be moved *from* such lane until the driver has
ascertained that such movement can be made with safety.

(Emphasis added.)

The *Prado* court wrote:

The phrase "as nearly as practicable" has not yet been interpreted by a
Washington court. Courts in other jurisdictions, however, when construing
similar language in the context of whether those observations of potential
violations created the basis for a valid investigatory stop, have held such
minor incursions over a lane line to be an insufficient basis for a stop.

> Arizona has a similarly worded statute. In *State v. Livingston*, [206 Ariz. 145, 75 P.3d 1103 (2003),] an Arizona appellate court held that the language requiring a driver to remain exclusively in a single lane "as nearly as practicable" indicated an express legislative intent to avoid penalizing brief, momentary, and minor deviations [across the fog line]. We agree.

*Id.* at 648 (footnotes omitted).

The majority states that RCW 46.61.140(1) does not apply here because it applies only to the "movement *into* another lane of travel." Majority at 6 (emphasis added). To the contrary, RCW 46.61.140(1) applies to the movement "from" a lane of travel. RCW 46.61.140(1). Here, Ms. Alvarez was driving on a multilane road and moved from a lane of travel across the fog line. RCW 46.61.140(1) thus applies.

There is tension between RCW 46.61.670 and RCW 46.61.140(1). As construed by the majority, RCW 46.61.670 does not permit even a brief incursion across the fog line. As construed by the *Prado* court, RCW 46.61.140(1) does.

When the plain meaning of two statutes is in conflict, the specific statute will govern over the general statute. *Univ. of Wash. v. City of Seattle*, 188 Wn.2d 823, 833, 399 P.3d 519 (2017). But "before applying the general-specific rule, we must identify a conflict between the relevant statutes that cannot be resolved or harmonized by reading the plain statutory language in context." *Id.*

I would conclude that RCW 46.61.140(1) and RCW 46.61.670 can be harmonized. The preface of RCW 46.61.140 directs that its subsections "shall apply" to all other rules consistent herewith. As noted in *Prado*, subsection (1) of RCW 46.61.140 makes minor lane violations an insufficient basis for an investigatory stop. Construing RCW 46.61.140(1) and RCW 46.61.670 (wheels off roadway) as consistent with each other, a brief incursion across the fog line is not an infraction. Similarly, RCW 46.61.140(1) and RCW 46.61.100 (drive on right side of road) can be construed together so that a brief incursion across the center line is not an infraction.

It is clear that law enforcement can conduct an investigatory stop for traffic infractions. *State v. Chacon Arreola*, 176 Wn.2d 284, 292-93, 290 P.3d 983 (2012). Routinely, sober drivers briefly cross a fog line or a center line. The sheer number of potential investigatory stops of sober drivers might be reason alone for our Supreme Court to reinstate the policy expressed in *Prado*, that minor traffic lane violations form an insufficient basis for a traffic stop. The potential for uneven enforcement might be an additional reason.

Lawrence-Berrey, C.J.

3